### INGALLS *v.* HAHN.

*(Supreme Court, General Term, Fourth Department.* February, 1891.)

1. VENDOR AND VENDEE—DEFECTIVE TITLE—LIQUIDATED DAMAGES.

In an action to recover a certain sum as liquidated damages for breach of a contract for the sale of a house and lot by defendant to plaintiff it appeared that defendant was described as trustee in the deed to him from his grantor, and also in the deed from defendant to plaintiff, while in the latter deed it was stated that defendant was not a trustee, but owned the property in his own right. The check given by defendant to his grantor for the price of the property was signed in the name of defendant's brother by defendant as his attorney, but both defendant and his brother testified, without contradiction, that the money belonged to defendant alone, and defendant testified that he had the word "trustee" inserted after his name in the deed to him so that he might convey the property without his wife's joining in the conveyance in case she should be absent from the state when he should desire to convey it. *Held,* that the evidence did not show that the money used in the purchase of the property by defendant did not belong to him, so as to authorize a recovery of the liquidated damages.

2. SAME—REFUSAL TO ACCEPT TITLE.

The title in such case was so far doubtful as to justify plaintiff in refusing to accept it, and in demanding a return of the money paid by him under the contract.

Appeal from circuit court, Onondaga county.

Action by Green W. Ingalls against Silas B. Hahn. From a judgment for plaintiff for $3,853.94, entered on the verdict of a jury, and from an order denying a motion for a new trial made on the minutes of the trial judge, defendant appeals.

Argued before HARDIN, P. J., and MARTIN and MERWIN, JJ.

C. L. Stone, for appellant. Wm. Nottingham, for respondent.

MARTIN, J. This action was to recover $2,000 liquidated damages for breach of a contract between the plaintiff and defendant for the purchase of a house and lot situated in the city of Syracuse, N. Y., and also to recover the sum of $1,000 paid by the plaintiff on the execution and delivery of such contract. On the day appointed by the agreement the parties met, and the plaintiff tendered performance upon his part, and the defendant tendered to the plaintiff an abstract of title and a deed of the premises in question. The plaintiff declined to accept the deed tendered, upon the ground that the defendant was described as trustee in the conveyance to him and also in the deed tendered by him, while in the latter deed it was stated that he was not a trustee, but owned the property in his own right. The plaintiff also demanded

a return of the $1,000 paid by him on the contract between them, which was refused by the defendant. On the trial the court submitted to the jury the question whether the plaintiff would have acquired a good title to the premises in question if he had accepted the deed tendered by the defendant. In submitting that question, the court charged that if the defendant used his own money in purchasing the property, then the title was in him, and the conveyance tendered to the plaintiff, if received, would have transferred a good title. The jury was also instructed that if the property became his, and the deed tendered would have passed a good title, the plaintiff could not recover the $2,000 liquidated damages provided for by the contract. The jury found that the money used by the defendant in paying for the property was not his absolute property. Unless this finding is sustained by the evidence, it would seem that the judgment should be reversed as to the liquidated damages recovered, as the case was submitted solely upon that theory. The proof was that the defendant took title to the premises in his name with the word "trustee" added thereto; that he gave the contract to the plaintiff in his own name, as trustee; that he signed the deed tendered with the word "trustee" following his name, and also signed his name without the addition of the word "trustee." It was, however, stated in the deed tendered that the defendant was not in fact trustee, and did not hold the property as such; that he paid the full consideration from his own money, and not for the benefit or use of any other person; and that no person other than the grantors had any right, title, or interest therein. The defendant on the trial testified that he did not hold the property in trust, but that he had the word "trustee" inserted after his name so that he might convey the property without his wife's joining with him in such conveyance in case she were absent from the state when he should desire to convey it. The check with which the defendant paid for the property in question was drawn on the Trust & Deposit Company of Onondaga by him, and the name of his brother was signed as maker by the defendant, as his attorney. Both the defendant and his brother testified that the money did not belong to the defendant's brother, but belonged to the defendant alone; that the defendant was permitted to use his brother's name in that manner because the deposit company would not receive and pay interest upon an amount as large as the defendant had desired to deposit with it; that the money was thus deposited for these reasons alone. This testimony was uncontradicted.

We do not think the evidence was sufficient to sustain the finding of the jury that the money used by the defendant in purchasing the property in question was not the money of the defendant. The only evidence which tended to prove that it was not was that it stood in the defendant's brother's name on the books of the trust company where it was deposited. This circumstance was fully explained, not only by the evidence of the defendant, but also by that of his brother, in whose name it was deposited. This being the only ground upon which the invalidity of the defendant's title was based, and the evidence being insufficient to sustain it, we think, so far as this branch of the case is concerned, the judgment should be reversed.

This leaves for consideration the question whether the title offered by the defendant was so far doubtful or unmarketable as to justify the plaintiff in refusing to accept it, and demanding a return of the money paid by him under the contract between them. The jury found that when the defendant tendered the deed of the premises to the plaintiff there was a reasonable doubt as to the plaintiff's title. That the evidence tended to show that the property was held by the defendant as trustee must be admitted. We think the jury was, under the evidence, justified in finding that there was such a reasonable doubt as to the defendant's title as would affect the value of the property, and interfere with the sale thereof to a reasonable purchaser; and that, under the evidence and findings of the jury, the plaintiff was entitled to recover the

money paid by him upon the contract between the parties. *Moore* v. *Williams*, 115 N. Y. 586, 22 N. E. Rep. 233; *Methodist Episcopal Church Home* v. *Thompson*, 108 N. Y. 618, 15 N. E. Rep. 193; *Moore* v. *Appleby*, 108 N. Y. 237, 15 N. E. Rep. 377; *Fleming* v. *Burnham*, 100 N. Y. 1, 2 N. E. Rep. 905; *Shriver* v. *Shriver*, 86 N. Y. 575. It follows that the judgment should be reversed, unless the plaintiff shall stipulate to modify it by reducing it to the sum of $1,000, with interest thereon from the date of the contract between the parties. If he shall so stipulate, then the judgment should be modified accordingly, and, as modified, affirmed, without costs of this appeal to either party. Judgment reversed, with costs to abide the event, unless the plaintiff stipulates to modify the same. If he shall so stipulate, then judgment modified, and, as modified, affirmed, without costs of this appeal to either party. All concur.