SARAH E. MELLEN, Appellant, v. GORDON MCKAY MELLEN et al., Impleaded, etc., Respondents.

The validity of a power of sale given to executors by a will is a question primarily of legal, not of equitable cognizance, and so, is a question for a court of law, as distinguished from a court of equity.

There is no inherent power vested in courts of equity to construe devises, as a distinct and independent branch of jurisdiction, but they exercise this jurisdiction only as incident to their jurisdiction over trusts.

A person not an heir at law, or devisee, but who claims as purchaser simply, cannot, under the provision of the Code of Civil Procedure (§ 1866), maintain an action for the construction of a will.

When the rights of parties depend upon the legal construction of a written instrument, an action to correct the instrument or have it declared invalid cannot be maintained under the jurisdiction of courts of equity to remove clouds on title. Unless the lien, charge or incumbrance complained of is apparently legal and valid, there is no ground for invoking that jurisdiction.

It seems that when by will, land is directed to be sold by the executor and the proceeds divided among designated beneficiaries, the parties beneficially interested, provided they are competent and of full age, and the gift is immediate and not in trust, may, before a sale has been made, elect to take the land, and where they have so elected and the election has been made known, the power of the executor to sell ceases, and he may not thereafter proceed to execute it.

It seems, also, in such a case an action will lie in behalf of the parties interested to enjoin the executor from a threatened execution of the power.

An election, however, by one of the parties, without the concurrence of the others, will not defeat the power.

The complaint in this action alleged substantially these facts: In 1888 M. died leaving a will by which he devised all his real estate to his wife and three children; he gave to his executors "full power and authority" to sell and convey any or all of the real estate "for the purpose of a division or distribution or for any other purpose that they in their best judgment may think proper." The devisees, by their agents and lessees, with the assent and acquiescence of the executors, entered into and have continued in possession of the real estate, exercising control and ownership, collecting and applying to their own use the rents and profits. One of the children conveyed his undivided interest to his wife, the plaintiff, who thereupon entered into possession with the other co-tenants, and they have since controlled and received the rents and profits, and in March, 1891, they united in extending a lease of one parcel of the real estate for one year; all the debts, charges and legacies

have been paid, and no necessity has arisen or now exists for the sale of the lands or premises or any portion thereof. Plaintiff commenced a partition suit against the other tenants in common, who appeared and answered, challenging the validity of the conveyance to plaintiff, which suit is still pending. " By reason of the premises," the complaint then alleged, the devisees " decided and elected to take their respective parts or shares in said lands and premises instead of the proceeds of a sale thereof," but that the surviving executor had advertised the real estate for sale under the power contained in the will. The relief asked was for a construction of the will, and for judgment that the devisees took under it title in fee ; that the power of sale was inoperative and void ; that said devisees, " by reason of the premises," have elected to take their respective shares instead of the proceeds of sale, and that an injunction issue restraining the proposed sale. On demurrer to the complaint, *held*, it was not sustainable under any of its aspects; that plaintiff could not maintain the action for a construction of the will, as she was not an heir or devisee, and because the question whether the power of sale was valid did not affect the " testamentary disposition " made by the testator, and so the case was not brought within the provisions of the Code of Civil Procedure (§ 1865) ; that if the power was invalid its invalidity appears on the face of the will, and so the action was not maintainable as one to remove a cloud on title; but that the power was valid ; also that the allegations were insufficient to sustain the action on the ground that the power had been extinguished by an election on the part of the devisees to take and hold the lands freed from the power.

Reported below, 60 Hun, 151.

(Argued June 23, 1893; decided October 3, 1893.)

APPEAL from judgment of the General Term of the Supreme Court in the first judicial department, entered upon an order made at the May term, 1891, which reversed an order of Special Term overruling a demurrer to the complaint herein, and an interlocutory judgment entered thereon, and which sustained the demurrer and directed judgment in favor of defendants.

This action was brought for the construction of the will of Abner Mellen, deceased, and for other relief.

The plaintiff is the widow of Abner Mellen, Jr., deceased, who died on the 6th day of March, 1890. Abner Mellen, Jr., was the son of Abner Mellen, who died on the 27th day of May, 1887, leaving him surviving his widow, Helen L. Mellen, one son, Abner Mellen, Jr., and two daughters, and Abner M.

Wilcox, son of a deceased daughter. By his will, he devised all his real estate to his wife and his three children, "share and share alike, to them, their heirs and assigns forever." His real estate consisted of several pieces of property in the city of New York on Broadway, Seventeenth street and Mulberry street. He appointed his wife, his son Abner and his son-in-law, William C. Banning, executors of his will.

The testator directed that his debts and funeral expenses should be paid out of his estate, and he gave a legacy to his grandson, Abner M. Wilcox, and his personal property to his wife and children. The debts and legacies were paid prior to the commencement of this action, except a mortgage debt of $50,000 on the Broadway property, the payment of which had not been required by the holder. By the eighth item of the will the testator gave "full power and authority" to his executors, or the successor of them, "for the purpose of a division or distribution, or for any other purpose that they in their best judgment may think proper, to grant, alien, sell and convey, either at public or private sale, all or any real estate" owned by him at his decease, " and to apply the proceeds of such sale or sales in conformity to the provisions of the will."

The widow of the testator died on the 28th day of September, 1888, intestate. Her share in the real estate descended to the three children of the testator and the grandchild, Abner M. Wilcox. On the 5th day of November, 1888, Abner Mellen, Jr., conveyed his undivided interest in the real estate left by the testator, devised to him, and descended to him from his mother, to his wife, the plaintiff, in payment of a debt owing to her by the firm of Mellen & Co., of which he was a member.

On the 30th day of November, 1888, the plaintiff, as the owner of five-sixteenths of the real estate, brought an action for partition, making the other tenants in common, together with William C. Banning, the husband of Helen C. Banning, one of the devisees under the will of Abner Mellen, Winnifred M. Wilcox, the wife of Abner M. Wilcox, and her husband, Abner Mellen, Jr., defendants. The defend-

ants in the partition action, other than Abner Mellen, Jr.,
answered, challenging the validity of the conveyance under
which the plaintiff claimed title, and the case was set down
for trial on the first Tuesday of April, 1890, but no trial has
been had and the action so far as appears is still pending.
Abner Mellen, Jr., died on the 6th day of March, 1890, leav-
ing three infant children, who were joined as defendants in
the present action, and who demurred to the complaint
therein. On the 26th of March, 1890, the defendant William
C. Banning, the sole surviving executor of the will of Abner
Mellen, and the husband of his daughter, Helen J. Banning,
advertised the real estate of the testator for sale at public
auction, under the power of sale contained in the will. This
action was thereupon brought by the plaintiff against the
executor William C. Banning, joining therein as defendants
with said executor, the two daughters of Abner Mellen,
Abner M. Wilcox and his wife, and the then infant children
of the plaintiff. This complaint set out the facts hereinbe-
fore stated and also other facts, and alleges, among other
things, that on the death of the testator, Abner Mellen, his
widow and his three children by themselves, their agents or
lessees, entered into the use, occupation and possession of the
lands devised, as owners thereof, and continued in such
possession until the death of Mrs. Mellen, September 28,
1888, and that during all this time they "exercised con-
trol, dominion and ownership over their respective parts
or shares in said lands and premises and collected
and received for, and applied to their own use and
benefit, the rents, issues and profits of said real estate."
The complaint further alleges, that from the death of the
widow, the sons and the two daughters, and the grandson,
Abner M. Wilcox were in the possession, use and occupation
of the lands, exercising sole control, dominion and ownership
and receiving the rents and profits, until the conveyance by
Abner Mellen, Jr., of his share of the real estate to the
plaintiff on the 5th day of November, 1888, when she
entered into possession with the other co-tenants, and they

together have ever since controlled and received the rents and profits. It is alleged that prior to the death of Abner Mellen, Jr., the power of sale had not been exercised by the executors, but that they "had acquiesced and assented to the ownership, occupation and use of said lands and premises by the said widow, children and grandson of said testator as aforesaid." It is alleged that the plaintiff and the other tenants in common in March, 1890, united in extending a lease of the premises on 17th street and Worth street, by writing for one year from May 1st, 1890. It is alleged that all debts, charges and legacies under the will have been paid out of the personal estate of the testator, and that "no necessity had arisen or now exists for the sale of the lands or premises or any portion thereof to pay any of the debts which were owed by said testator at the time of his death, or to pay said legacies or other expenses, or for any other purpose." It is alleged that the power of sale was void, and the last paragraph of the complaint preceding the demand for relief, is as follows: "Twenty-fourth. That by reason of the premises the said Helen L. Mellen, widow of said testator, and the said Abner Mellen, Junior, Helen J. Banning, Maria L. Kendall and Abner M. Wilcox, even if said so-called power of sale ever had any validity, decided and elected to take their respective parts or shares in said lands and premises instead of the proceeds from a sale thereof under said so-called power of sale contained in said will."

The plaintiff in her demand for relief asks for a construction of the will (1) adjudging that under the will the widow and children of the testator each took title in fee simple absolute in possession of one-fourth part of the lands and premises devised, and could sell and dispose of their respective shares; (2) that the power of sale given by the will was inoperative, null and void, and never had any validity, and that the executors, or the successors of them, never had any power or authority under the will to sell the land or any part thereof; (3) that the widow and children of the testator and Abner M. Wilcox, "by reason of the premises," had decided

and elected to take their respective shares instead of the proceeds of sale under the power; and (4) that an injunction issue enjoining and restraining the surviving executor from selling under the power, etc.

*Henry Daily, Jr.*, for appellant. The alleged power of sale contained in the eighth clause of the will was inoperative and void at all times. It never had any validity. (*Chamberlain* v. *Taylor*, 105 N. Y. 185; *Cooke* v. *Platt*, 98 id. 35; *Clift* v. *Moses*, 116 id. 144; *Scholle* v. *Scholle*, 113 id. 261, 270; *Clark* v. *Leupp*, 88 id. 228; *Van Horne* v. *Campbell*, 100 id. 287.) The provisions of this will are inoperative to create a valid express trust to sell under the statute; yet if it should possibly be held that the alleged power of sale therein conferred might be exercised as a power in trust, then and in that event the title would descend to the heirs or devisees, subject to the execution of this power, which latter would be extinguished or defeated by the devisees electing to take the lands, as in this case they have done. (*Chamberlain* v. *Taylor*, 105 N. Y. 185; *Clift* v. *Moses*, 116 id. 144; *Cooke* v. *Platt*, 98 id. 35; *Hetzel* v. *Barber*, 60 id. 1.) It is insisted by the plaintiff that if the eighth clause of the will constructively converted the real estate into personalty at the death of the testator, which I deny, that then the devisees were entitled to and did elect to reconvert the same into realty. No distinct or positive act is required for such purpose, but when the whole has been treated, enjoyed and possessed the same as real estate, by the acquiescence of the executors and all parties in interest, it will be held they have elected to reconvert the same from personal into real estate, inasmuch as there were no lawful purposes for which a sale was required. (*Prentice* v. *Janssen*, 79 N. Y. 478; *Hetzel* v. *Barber*, 69 id. 1, 13; *Garvey* v. *McDevitt*, 72 id. 556, 563.) From the admitted facts in this case, coupled also with the death of Helen L. Mellen, one beneficiary, the conveyance to plaintiff and subsequent death of Abner Mellen, Junior, another beneficiary, the alleged power of sale, if at

first valid, was not only extinguished by the election on the part of the devisees referred to, but became of no practical use to the parties for whose benefit alone the said alleged power was expressed or created. (*Prentice* v. *Janssen*, 79 N. Y. 478; *Garvey* v. *McDevitt*, 72 id. 556.) Defendant's attempted sale should be enjoined, as sought, though the act threatened is illegal, and no damage has been suffered. (*Butler* v. *Johnson*, 111 N. Y. 204, 218; *Dwitt* v. *Van Schoyk*, 110 id. 7, 11; *Coit* v. *Grey*, 25 Hun, 444, 445.) A demurrer for the cause here assigned will not be sustained, if the complaint sets out a cause of action, although *not* intended by the pleader. (*Marie* v. *Garrison*, 83 N. Y. 14, 23; *Witherhead* v. *Allen*, 4 Abb. Ct. App. Dec. 628.) The infant defendants cannot demur to the prayer for relief. They must demur to the facts alleged, and, to sustain the demurrer, they must show that upon those facts this plaintiff cannot have any of the relief asked for at the hands of the court. (*Mackay* v. *Auer*, 8 Hun, 180, 183; *Swart* v. *Boughton*, 30 id. 281, 283.) The omission of the word "as" in the title of the action between Banning's name and the description — "sole surviving executor" — is not fatal at all, for the frame, scope and averments of the complaint are such as to affix to him such character and standing in the litigation. (*Beers* v. *Shannon*, 73 N. Y. 292, 297; *Austin* v. *Munro*, 47 id. 360, 367; *Bennett* v. *Whitney*, 94 id. 302, 306.)

*George Hill* and *William C. Trull* for respondents. The power of sale was good, and it remains good until it has been extinguished, and no facts are alleged which tend to show an extinguishment of the power of sale. It would take the united action of all the devisees to extinguish the power. (*Savage* v. *Sherman*, 24 Hun, 307; *Armstrong* v. *McKelvey*, 104 N. Y. 179.) As an action to construe a will it will not lie, because there is no question of trust. (*Monarque* v. *Monarque*, 80 N. Y. 320; *Chapman* v. *Montgomery*, 63 id. 221.) The action will not lie to remove a cloud upon the title, because the allegation is that the power is void on its face, and, there-

fore, does not depend upon extrinsic evidence. (Code Civ. Pro. § 484.) The facts alleged which are supposed to tend to show an election to extinguish the power of sale, are only applicable to those cases where a. will direct real estate to be converted into money and the proceeds distributed. (*Hetzell* v. *Easterly*, 66 Barb. 443 ; *Hetzel* v. *Barber*, 69 N. Y. 7.) The devisees under the Mellen will took title to their one-fourth shares of the lands of the testator as lands. Their estate in the lands was not a title in fee simple absolute, but was a defeasible or conditional estate. (*Reed* v. *Underhill*, 12 Barb. 113 ; *Rose* v. *Hatch*, 125 N. Y. 433 ; *Prentice* v. *Janssen*, 79 id. 478 ; *Armstrong* v. *McKelvey*, 104 id. 183 ; *Greenland* v. *Waddell*, 116 id. 234.) The title the devisees acquired under the will is a question of law for the court to determine by an inspection of the will, and a demurrer does not admit that the estate is what the pleader may choose to allege it to be, although he puts it in the form of an allegation of fact. (*Blake* v. *Griswold*, 4 Wkly. Dig. 111.)

*Alfred T. Ackert* for guardian *ad litem*, respondent. There is no trust or other element in this will that requires the interpretation of the court. (*Monarque* v. *Monarque*, 80 N. Y. 320.) The power of sale is valid, and although following an apparent absolute devise, supersedes or acts in harmony with the same, and is not impaired thereby. (*Kinner* v. *Rogers*, 42 N. Y. 531.)

ANDREWS, Ch. J. The action is not maintainable as an action for the construction of the will of Abner Mellen. The validity of the power of sale given to the executors, even if any doubt could be entertained in respect to it, is a question for a court of law as distinguished from a court of equity. It is a question primarily of legal and not of equitable cognizance. There is no inherent power vested in courts of equity in the construction of devises, as a distinct and independent branch of jurisdiction, but they exercise this jurisdic-

tion only as incident to their jurisdiction over trusts. (*Bowers* v. *Smith*, 10 Paige, 193 ; *Monarque* v. *Monarque*, 80 N. Y. 320 ; *Wager* v. *Wager*, 89 id. 188.)

The validity of devises and limitations in wills, or of a power conferred thereby, depends upon and is determinable by legal rules, and their determination must ordinarily await an occasion when, in a legal action or proceeding, a right under the devise or limitation, or the execution of the power is asserted by one party, or denied by the other. The will in question in this case created legal estates only in the land devised, unaccompanied by any trust. The power of sale given to the executor, while it was in a sense a trust power, did not create any trust in the land devised, and while it might warrant the executor, upon a question arising, to apply to the court for instructions, the mere fact of the existence of the power did not make a case for invoking in behalf of a devisee, or the grantee of a devisee, the equitable jurisdiction of the court in the construction of wills, within the principles established in this state.

The power of the court over actions for the construction of wills has been extended by statute, and they may be brought in many cases in which, before the statute, the court would have declined jurisdiction. The statute now in force is found in the Code of Procedure (§ 1866), which has been considered in two cases in this court. (*Horton* v. *Cantwell*, 108 N. Y. 255 ; *Anderson* v. *Anderson*, 112 id. 104.) The plaintiff cannot maintain the action under this statute for the reason that she is neither heir at law or devisee of the testator, and holds her title, not immediately under the will, but as a purchaser from and grantee of her husband. The plaintiff is in the possession of the land under this title, and it would, we think, be both an unreasonable and inconvenient construction of the statute which should enable one whose title comes through a devise to a former owner to institute an action for the construction of a will which formed one of the links in the chain of title. Moreover, the language of the statute is confined to actions to determine the " validity, construction or effect of a

testamentary disposition." The question whether the power of sale given to the executor by the will of Abner Mellen is valid, does not affect the " testamentary disposition" made by the testator of his lands. It is collateral to the gift, and whether exercised or not, does not change the substantial interest of the devisees under the will. The statute should be construed liberally in aid of the remedy intended, but it would be unwise to so interpret it as to draw into the Supreme Court every controversy, however trivial, which could be suggested by a doubt as to the construction of some provision of a will not affecting some substantial interest thereunder.

The claim made in behalf of the plaintiff, that the power of sale given to the executor is repugnant to the prior absolute devise to the widow and children of the testator, and creates a cloud upon the title, and that the action is maintainable in this view, is not tenable. If the power is invalid, its invalidity appears on the face of the will, and it is well settled that where the rights of parties depend upon the legal construction of a written instrument, an action to correct the instrument or to declare it invalid, under the jurisdiction of courts of equity to remove clouds upon title, cannot be maintained. In such cases there is no cloud in a legal sense. Unless the lien, charge or incumbrance is apparently legal and valid, there is no ground for invoking this jurisdiction. The court does not entertain such an action to remove a doubt which might be created in the minds of persons dealing with the title, provided the means of forming a correct legal judgment are patent on the face of the instrument or proceeding by which the existence or non-existence of the right in question must be determined. (*Bailey* v. *Briggs*, 56 N. Y. 407; *Townsend* v. *Mayor*, etc., 77 id. 542, and cases cited.)

But there can be no doubt of the validity of the power of sale. There is no repugnancy between a devise in fee and a subsequent power of sale given to the executor for the benefit of the devisees. This is a common incident of testamentary dispositions. The title to the lands vested in the widow and children of Abner Mellen under the devise, and was a fee,

subject to the power of sale given to the executor. In case of a sale under the power the title of the devisees in the land would be divested and an interest in the proceeds substituted. (*Crittenden* v. *Fairchild*, 41 N. Y. 289.)

The most serious question in the case arises upon the claim that the complaint states that the power of sale in the executor had been extinguished before he advertised to sell the lands under the power, by an election made by the devisees and parties interested in the lands, to hold them, freed from the power of sale. It is a principle now well settled that where by a will money is directed to be laid out in the purchase of land, for designated beneficiaries, or land is directed to be sold and the proceeds distributed, it is competent for the parties beneficially interested, provided they are competent and of full age, and the gift is immediate and not in trust, to elect before the conversion has actually taken place, to take the money in the one case and the land in the other, and when they have so elected and the election has been made known, the power of the trustee for conversion ceases and becomes extinguished, and he cannot thereafter lawfully proceed to execute the power. This doctrine is founded upon the presumption that such a power is given by the testator for the benefit and convenience of the devisees and legatees, and unless made so in terms, was not intended to be imperative so as to prevent the beneficiaries from taking his bounty, except in the precise form in which the property would exist after the conversion. The doctrine referred to has been considered and applied by this court in several cases. (*Hetzel* v. *Barber*, 69 N. Y. 1; *Prentice* v. *Janssen*, 79 id. 478.) Jarman says (1 Jar. 599), that the expressions or acts declaratory of an intention to make an election, though it is said they may be slight, "must be unequivocal," and in *Prentice* v. *Janssen* the rule stated in Leigh and Dalzell on Equitable Conversions, "that a slight expression of intention will be considered sufficient," is quoted with approval.

The devisees of the land in the present case were in a situation to make an election. All the debts and legacies of the

testator had been paid, the devisees were of full age and were the only persons interested in the land or its proceeds. If in fact they had elected to take the land as land, free from the power of sale, prior to the advertisement of the land for sale by the executor under the power, I am of opinion that an action would lie in behalf of the parties interested, to enjoin the executor from selling under the power. It is not necessary to consider what would be the right of a purchaser in good faith, without notice, on a sale by the executor in assumed execution of the power, after the former had been terminated by an election. A sale under such circumstances would at least create a cloud on the title, and an action to enjoin the sale would be an available and proper remedy. (See *Butler* v. *Johnson*, 111 N. Y. 204.)

But we are of opinion that the complaint is insufficient to sustain this cause of action for the reason that it is neither directly alleged that the plaintiff and the other persons interested and deriving title as original devisees of Abner Mellen, or under them, had elected to take the land in its unconverted state, freed from the power of sale, nor are any facts averred from which an election can be legally inferred. The allegation that the devisees took possession of and occupied and controlled the land devised as owners, and appropriated the rents and profits, is not inconsistent with an outstanding power of sale in the executor. The devisees had the legal title to the land as tenants in common, and as such had the right to the possession and to the rents and profits. They may, nevertheless, have desired that the power of sale should continue in the executor, for convenience in passing the title upon a sale, or for other reasons. The commencement of the partition action by the plaintiff naturally signified her election, and if all the other parties interested had joined in asking a partition, this would, I think, have amounted to an election that the power of sale in the executor should not be exercised. It would show an intention by all the parties interested to sever the tenancy in common and take their respective shares of the land in severalty. But the other parties interested resisted

the partition, and an election by one of the parties, without the concurrence of the others, would not defeat the power. A long lapse of time, during which a power of sale remained unexecuted, where there was no obstacle to its execution, might alone, or with other circumstances, affect the presumption of an election. In *Kirkman* v. *Miles* (13 Ves. 338), Sir William Grant was of opinion that two years was too short a time to presume an election (see, also, *Brown* v. *Brown*, 33 Bea. 399), and Jarman says (vol. 1, p. 600) : " But possession for two or three years by tenants in common (without more), has been held insufficient." In the present case less than three years had elapsed between the death of the testator and the advertisement of sale by the executor. The renewal of the lease of some of the property, in March, 1890, by the parties owning the land, for the period of a year, would be a significant and probably a decisive fact showing an election, if the act was inconsistent with the continued existence of the power of sale. Great weight was given by Lord Hardwicke in *Crabtree* v. *Bramble* (3 Atk. 680), to the circumstance that the parties beneficially entitled, under a will, had executed a lease of the premises for a term, upon the point of an election. But in that case the trustee for sale took under the English law title to the estate as trustee, and the lease was in hostility to his right, and the lessors had bound themselves to make good the lease. The act was inconsistent with the continuation of the power of sale, and was significant of an intention on the part of the lessors to take the land and not the proceeds. The lease, in the present case, bound the land, and was made by the legal owners, and was not in hostility to the power of sale. A purchaser under the power would take subject to the lease.

We fail to find any evidence in the facts alleged in the complaint, certainly no " unequivocal " evidence of an election subverting the power of sale, and no allegation that such an election had been made. The concluding allegation in the complaint, that " by reason of the premises " there was an election, etc., simply refers back to the preceding allegations

as ground for this conclusion, and they furnish no sufficient evidence thereof.

We think the demurrer was properly sustained, and the judgment should, therefore, be affirmed.

All concur.

Judgment affirmed.