DWIGHT, P. J., LEWIS and HAIGHT, JJ., concurred.

Order appealed from in the particulars designated in the opinion reversed, with ten dollars costs and disbursements to the appellant, in other respects the order is affirmed.

---

JAMES M. EMENS, Appellant, *v.* MARY E. ST. JOHN, Respondent.

*Executors' power of sale of realty — how defeated by the devisees thereof — marketable title to realty — action by a real estate agent to recover his commissions — when he must show the title offered his principal to be marketable.*

As a general rule all the devisees must in some manner manifest an election to take or retain the land devised to them in order to defeat the executors' power of sale, and the grantees of some of the devisees only would, notwithstanding such election by them, take title subject to the execution of the power.

A title open to reasonable doubt is not marketable in the sense requisite to require a purchaser to accept it ; to be marketable a title must be such as a purchaser can take without reasonable apprehension that questions may arise affecting the peaceful holding of the property, and must be one about which no reasonable doubt can arise impairing its market value.

In an action brought by a real estate agent against his employer to recover the amount of commissions to which he alleged that he was entitled for services in making an exchange of properties, it appeared that the real estate agent, acting in behalf of the defendant, his employer, had introduced to her a person with whom she made a preliminary arrangement to exchange lands, and agreed upon the terms of exchange, both of them being willing to make the exchange if the titles to the lands were satisfactory.

*Held,* that such agent must, in order to recover, show that the title offered to his employer was a marketable one.

APPEAL by the plaintiff, James M. Emens, from a judgment of the County Court of Monroe county in favor of the defendant, entered in the office of the clerk of the county of Monroe on the 17th day of January, 1894, upon the decision of the court reversing the judgment of the Municipal Court of the city of Rochester.

*Frederick A. Mann,* for the appellant.

*W. G. Jerome,* for the respondent.

BRADLEY, J.:

The plaintiff, a real estate agent acting in behalf of the defendant, introduced to her Felix Wolff, with whom she made a preliminary arrangement to exchange certain lands in the city of Rochester. They agreed upon terms and both were willing to make the exchange if the titles to the lands were satisfactory. The plaintiff claims that he performed for the defendant the services which entitled him to his commission. This must be assumed if the title which Wolff offered to convey was a marketable one. The land was part of that of which Daniel Washburn died seized. His will was admitted to probate and recorded in June, 1871, and by it he directed that some of the land in question be divided into eleven equal parts, and he devised one of such parts to each one of that number of devisees named in the will. By a subsequent provision of the will he appointed certain persons executors with power to sell and convey his real estate, etc. In 1873 one of the devisees, in 1874 another, and in 1879 a third one of them conveyed their shares or interests in the land to grantees named in the deeds; and in 1884 the surviving executor made to Wolff a deed of conveyance of the land.

The devisees took by the will the title to the land, subject to the power of sale given to the executors, and three of the devisees, by their conveyances, disposed of three-elevenths of the land to their grantees, and to that extent vested title in them. It was within the power of the devisees, if they chose to do so, to elect to take the land, and thus dispense with and defeat the exercise of the power of sale. (*Reed* v. *Underhill*, 12 Barb. 113; *Hetzel* v. *Barber*, 69 N. Y. 1, 14; *Prentice* v. *Janssen*, 79 id. 478; *Sayles* v. *Best*, 140 id. 368.) It is suggested that this could not be accomplished by a portion only of the devisees. As a general rule all must in some manner manifest election to take or retain the land, as such, to defeat the executors' power of sale. And in that view the grantees of a portion of the devisees only would take title subject to the execution of the power. (*Mellen* v. *Mellen*, 139 N. Y. 210.) And it is very likely that such was the relation which the grantees of the three devisees took to the estate conveyed to them in the premises.

The question is whether, upon the facts as they appeared, there was any reasonable apprehension that Wolff could not convey what would be deemed a marketable title. As has been observed, the

testator directed that the residue of his estate be divided into eleven equal parts, and he devised to each one of that number of persons named one of such parts. The power given to the executors was a naked one of sale, without the expression of any specific purpose of its creation, but it may be assumed that it was given to be available for the division between the beneficiaries of the devise. As the language used may not be construed as a direction to sell the land, it was not by the will necessarily converted into personalty.

And, in view of the direction to divide the land into eleven parts, the terms of the will are such as to import a devise to the devisees in severalty. No question could arise out of such construction if none of them had conveyed their shares. Three of them had done so. And, in view of the provisions of the will before mentioned, upon a construction which might be contended for it, there may be some opportunity for controversy. And it may have been reasoned with some plausibility that if the devisees held in severalty, by virtue of the provisions of the will, they in that manner elected to dispense with the power of sale. But there may be facts *aliunde* the records to relieve the situation of any question. It may be that the sale by the executor was made with the acquiescence of the beneficiaries, or that the fund produced by the sale was received by them. Either would have relieved the conveyance to Wolff of any criticism. And it is probable that it was made with their assent and approval. But no such facts were brought to the attention of the defendant or her attorney. In case of such assent the lapse of about thirteen years from the time of the record of the will to that of the executors' sale and conveyance could have furnished no ground of objection. Otherwise that fact might, with other circumstances, be some evidence of election of the devisees to retain the land and dispense with the power of sale. (*Mellen* v. *Mellen*, 139 N. Y. 222 ; *Purdy* v. *Wright*, 44 Hun, 239.)

In view of such lapse of time and of the fact that the devisees could by election, signified by them to that effect, have defeated the executors' power of sale, the inquiry whether they had done anything, and what, in that respect would be a reasonable one for a person contemplating the purchase of the premises to make, and until satisfied upon the subject hesitation in making the purchase might reasonably by him be deemed justified. It does not appear by whom

the premises were or have been occupied before or since the conveyance by the executor to Wolff. The advice of the defendant's attorney was given in view of the doubt about the title which might arise upon the abstract furnished at the time. And the unwillingness of the defendant to make the exchange and take the property of Wolff does not seem to have been capricious upon her part, but was occasioned by her doubt about the perfection of his title. And in that respect she relied and acted upon the advice of her attorney, and being thus advised she acted in good faith.

The question is whether there was reasonable ground to support doubt about the title to any portion of the land at the time in question.

In *Moore* v. *Williams* (115 N. Y. 586) Judge EARL said that within the meaning of the rule "a good title means not merely a title valid in fact, but a marketable title which can be sold to a reasonable purchaser." Many cases on the subject are there cited with approval.

A title open to reasonable doubt is not marketable' in the 'sense requisite to require the purchaser to accept it.

It must be one which he can hold without reasonable apprehension that questions may arise affecting the peaceful holding of the property, and a title about which no reasonable doubt can arise impairing its market value. (*Fleming* v. *Burnham*, 100 N. Y. 1; *Vought* v. *Williams*, 120 id. 253; *Ingalls* v. *Hahn*, 36 N. Y. St. Repr. 770.)

While this case may not be entirely free from doubt, we think that as the situation of the title was presented to the defendant, she was justified in the conclusion that it was doubtful and not marketable in the sense applicable to that term, and, therefore, she was not required to accept it.

And for that reason the plaintiff's alleged commissions were not earned.

The judgment of the County Court should be affirmed.

DWIGHT, P. J., LEWIS and HAIGHT, JJ., concurred.

Judgment of the County Court of Monroe county appealed from affirmed.