## McKINLAY v. VAN DUSEN et al.

(Supreme Court, Appellate Division, Third Department. November 12, 1902.)

1. EXPRESS TRUSTS—VALIDITY.

A trust conveying all testator's residuary estate, and authorizing the trustees to collect and pay over the rents, issues, and net income of the property to the beneficiaries named during their natural lives, and to "sell all or any of such real estate," and invest the proceeds for the same uses, is a valid express trust, within subdivision 3, § 76, c. 46, Gen. Laws, which provides that an express trust may be created "to receive the rents and profits of real property and apply them to the use of any person during the life of that person," etc.

2. WILL—CONSTRUCTION—ABROGATION OF CLAUSE.

The fifteenth clause of testator's will gave "all the rest and residue of my property, both real and personal," to certain named parties, "to be equally divided between them, so that each shall have the use of a one-fifteenth part thereof for and during the term of his or her natural life only," and appointed certain trustees "for the life estates of each of

the beneficiaries," etc. The sixteenth clause gave "all the rest, residue, and remainder of my property and estate, of every name and nature," to the same beneficiaries, "to be equally divided between them." *Held*, that the sixteenth clause was not intended as a substitute for the fifteenth, and, if not entirely surplusage, was merely intended to cover any property which by any possibility might not be included by the language used in the fifteenth.

8. SAME—SUIT TO CONSTRUE—RIGHT TO MAINTAIN—ADEQUATE REMEDY AT LAW.
The fifteenth clause of testator's will gave "all the rest and residue of my property, both real and personal," to certain beneficiaries for life. The sixteenth clause gave "all the rest, residue, and remainder of my property and estate" to the same beneficiaries in fee. *Held*, that a beneficiary could not bring an action in equity solely to determine whether clause 15 was abrogated by clause 16, as there was an adequate remedy at law.

Appeal from trial term.

Action by Howard McKinlay against Margaret Van Dusen and others. Judgment dismissing the complaint for insufficiency of facts, and plaintiff appeals. Affirmed. ·

Argued before PARKER, P. J., and KELLOGG, SMITH, and CHASE, JJ.

J. H. Dealy, for appellant.

Andrew J. Nellis, Fred Linus Carroll, Wendell & Sponable, and Leslie J. Schuyler, for respondents.

KELLOGG, J. The action is in equity, and seeks the partition of real and personal estate, and incidentally the construction of a will through which plaintiff claims title. The will is set forth in full and made a part of the complaint; and plaintiff alleges that by the will he is entitled to one undivided fifteenth part in possession of both the real and personal estate described. Plaintiff in his prayer for relief asks that clause 15 of the will of one William Harden, a great-uncle, through which will the alleged title is claimed, be declared void, and absolute title in fee be decreed to be in plaintiff as to such one-fifteenth part, and that a partition be adjudged. He also asks that, in case clause 15 be not wholly void, the trust created by this clause be declared void. He also asks that, in case the court finds that clause 16 of the will is inoperative, the trust created by clause 15 be enforced according to its terms, and that the residuary estate be divided into 15 separate parts, to be held by the trustees in severalty, and each part be allotted to each devisee, and the income be paid on each part to the devisee to whom allotted.

As to this last request, the complaint alleges no facts showing that the trustees have not properly discharged their duties. There are no facts alleged showing that the residuary estate is yet in condition to be divided into so many equal parts. The complaint does not show that any of the personal estate has yet come into the hands of the trustees, or that the executors of the estate, as such, are not still in possession, with duties relating thereto still to be performed, or that the real estate which passed to the residuary estate may not have to be first sold and turned into money in order to make the required division. There is nothing in the complaint which would authorize a court of equity to interfere in this respect with the action and dis-

cretion of the trustees.    Hence this aspect of the complaint may be dismissed without further comment.

As to that portion of the relief prayed for, viz., that the court declare the trust created by the fifteenth clause void, there seems to be no reason given why it should be treated as void.    The terms of the trust are not ambiguous or uncertain, and it is one of the class of express trusts recognized and authorized by subdivision 3 of section 76 of the statute relating to uses and trusts (chapter 46 of the General Laws), which reads as follows:

"To receive the rents and profits of real property and apply them to the use of any person during the life of that person, or for any shorter term, subject to the provisions of the law relating thereto."

This trust, in the fifteenth clause of the will, covers all of the residuary estate, and authorized the trustees to "collect and pay over from time to time the rents, issues, and net income" of the property to the beneficiaries named during the term of their natural lives.    The trustees, also, are empowered "to sell all or any of such real estate" and invest the proceeds for the same uses.    This constitutes a valid trust, and it does not require the decision of a court of equity to dispel any doubts on the subject; for there is no doubt.    This aspect of the complaint may therefore also be dismissed without further discussion.

The fifteenth and sixteenth clauses of the will are claimed by the complaint to be the only portions of the will which authorize this action, and they read as follows:

"Fifteenth. All the rest and residue of my property, both real and personal, I give, devise, and bequeath to Dr. John Dorn, Charles Dorn, Elizabeth Scofield, Grace Scofield, Maggie McKinlay, my niece, Howard McKinlay, Willard McKinlay, Libbie McKinlay, daughter of John McKinlay, Harriet E. McKinlay, Barbara Ann Tiffany, Margaret Van Dusen, Anna Tiffany, Catty (or Catherine) Tiffany, and Earl Tiffany, to be equally divided between them, so that each shall have the use of a one-fifteenth part thereof for and during the term of his or her natural life only.    And, on the death of either, the share of such deceased under this fifteenth clause of my will, or which he or she is entitled to the use of hereunder, I give, devise, and bequeath to the legal heirs of such deceased, to be equally divided between them.    And I hereby appoint my executors, hereinafter named, trustees for the life estates of each of the beneficiaries herein by this fifteenth clause of my will given, and hereby direct my said executors as such trustees to take charge of, manage, and improve the shares of each of said beneficiaries hereby given to them distributively, and collect and pay over from time to time the rents, issues, and net income from such distributive share to the beneficiary entitled thereto hereunder.    And, for the purpose of carrying out the intent of this clause of my will, I hereby devise and bequeath to my said executors, in trust for the purposes aforesaid, each of the distributive shares of the several beneficiaries named in this fifteenth clause of my will, and I also authorize and give said trustees full power to sell all or any portion of the real estate hereby devised to them in trust as aforesaid.    And, in case they do sell all or any of such real estate, the proceeds therefrom are to be retained and invested by them in trust for said beneficiaries, so that each of said beneficiaries shall have the use of an equal distributive share thereof for his or her life, and on his or her death such distributive share shall be paid over to his or her heirs, to be equally divided between them.

"Sixteenth. All the rest, residue, and remainder of my property and estate, of every name and nature, I give, devise, and bequeath to Dr. John Dorn, Charles Dorn, Elizabeth Scofield, Grace Scofield, Florence Scofield, Maggie McKinlay, my niece, Howard McKinlay, Willard McKinlay, Libbie McKinlay, daughter of John McKinlay, Harriet E. McKinlay, Barbara Ann Tiffany, Mar-

garet Van Dusen, Anna Tiffany, Oatty (or Catherine) Tiffany, and Earl Tiffany, to be equally divided between them."

If the sixteenth clause could be interpreted to be a substitute for the fifteenth, and by it the fifteenth clause could be treated as abrogated in such case, the plaintiff would clearly be entitled to maintain the action of partition. He would then have the fee in one-fifteenth of the residuary estate, and be entitled to immediate possession. But it seems to me very clear that the sixteenth clause was not intended as a substitute for or as a qualification of the fifteenth. If it is not wholly surplusage, its apparent office was to take anything omitted by the language used in the fifteenth. The fifteenth carried to the residuary, to be held in trust, "all the rest and residue of my property, both real and personal." If there should be any species of property not in law regarded as "real" or "personal," the sixteenth clause carried it outright to the same beneficiaries freed from the trust, and the language used is, "All the rest, residue, and remainder of my property and estate, of every name and nature." It is impossible to give to this will any other construction and save the testator's intent, clearly and elaborately expressed in clause 15. I do not think that this construction is even debatable. It is quite too obvious to admit of doubt; and, since clause 15 is to be given full effect as to the real and personal estate, the action of partition cannot be maintained.

Nor do I think the action can be maintained by this plaintiff for the sole purpose of having a court of equity declare that clause 15 is not abrogated by clause 16, even if this complaint be construed to be in an action brought for such purpose. In Mellen v. Mellen, 139 N. Y. 219, 34 N. E. 925, Andrews, C. J., said:

"The court does not entertain such an action to remove a doubt which might be created in the minds of persons dealing with the title, providing the means of forming a correct legal judgment are patent on the face of the instrument or proceeding by which the existence or nonexistence of the right in question must be determined."

If this be the purpose of the action, it becomes simply an advisory action, which is rarely permissible, except to trustees and quasi trustees, for their protection and future guidance in the discharge of their trusts.

Whitney v. Whitney, 63 Hun, 59, 18 N. Y. Supp. 3, is an authority against the right to maintain the action for the purpose stated on another ground, viz., that plaintiff has an adequate remedy at law. The plaintiff alleges that upon information and belief he and the other devisees are in possession of the real estate described. If he be so, he may safely await attack through the action of ejectment, or other legal action by the trustees, and set up the devise of an absolute fee in answer to the hostile claim; or, if he be not in possession, he may bring ejectment and assert his title through the sixteenth clause of the will. In Whitney v. Whitney, supra, Martin, J., in an elaborate opinion, discusses the question and the cases, and reaches the conclusion that section 1866 of the Code of Civil Procedure does not "authorize the maintenance of an action in equity where the sole purpose is to test the legal title to real property, and

the action of ejectment would afford a full and adequate remedy." In that case the residuary clause of the will placed all property not specifically devised or bequeathed under the control of trustees, and it became a serious question whether, as to a certain farm, there was a devise in fee or only for life, and whether there was not a remainder which should go into the residuary estate. The action was brought by a devisee, or the heirs of a devisee, interested in the residuary estate, for a construction of the will, and the court held that the action could not be maintained, though there was serious doubt as to the meaning of the will, for the reason that the remedy at law through ejectment was adequate.

All the phases of the complaint, as interpreted by the prayer for relief, were before the learned trial court on the motion to dismiss the complaint. The will was a part of the complaint, and only lega' propositions based upon the provisions of the will were or could have been considered, and no evidence which could have been offered by the plaintiff could alter or change in any way these legal propositions. It was obvious, as I think, that in no aspect of the facts alleged, or of the relief sought, could the action be maintained, and the complaint was therefore properly dismissed.

The costs in an equity action being discretionary, we do not think there was any sufficient abuse of discretion to warrant reversal on that ground. Each of the defendants to whom costs were allowed answered separately, and each had an interest to defend.

The judgment appealed from should be affirmed, with costs. All concur.