### SMITH et al. v. ALLEN et al.

(Supreme Court, Special Term, New York County. March 16, 1910.)

1. PARTITION (§ 17*)—PARTIES ENTITLED TO MAINTAIN—TRANSFEREES OF HEIRS.

    An action to partition real property cannot be maintained by the transferees of heirs at law of a decedent while there is outstanding an apparent devise made by the defendant, unless they allege and prove, as required by Code Civ. Proc. § 1527, that the devise is void.

    [Ed. Note.—For other cases, see Partition, Dec. Dig. § 17.*]

2. PARTITION (§ 17*)—ACTIONS FOR—PARTIES ENTITLED TO MAINTAIN—GRANTEES OF DEVISEE.

    Grantees of a devisee of real property cannot sue for partition thereof, since a devisee cannot maintain a suit to establish a will against the heirs at law, and a person not an heir at law, but who claims only as a purchaser, cannot, under Code Civ. Proc. § 1866, maintain an action to determine the validity or effect of a testamentary disposition of real property.

    [Ed. Note.—For other cases, see Partition, Dec. Dig. § 17.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

3. WILLS (§ 433*)—DOCUMENTARY EVIDENCE—UNPROBATED WILL.

    A devisee's title to real property cannot be established under an unprobated will, unless the execution of the will is proved.

    [Ed. Note.—For other cases, see Wills, Cent. Dig. § 928; Dec. Dig. § 433.*]

    Action by George ·C. Smith and another against Thomas J. Allen and others. Complaint dismissed.

    The action was brought by plaintiffs to partition certain real property in the county of New York. The plaintiffs ·claimed as the transferees of five-sevenths of the heirs at law of Charlotte Miller, deceased, in case she died intestate, and as transferees of one Margaret L. Schultz, deceased, who was a sole devisee under an alleged last will and testament of the said Charlotte Miller, deceased; plaintiff having purchased both these apparently conflicting interests. Charlotte Miller died the 2d day of March, 1901, leaving an alleged last will and testament, which was offered for probate in the Surrogate's Court, New York county. Margaret L. Schultz was the sole residuary devisee under the said alleged last will. This will was refused probate ·by the surrogate of New York county. See Matter of Miller, 36 Misc. Rep. 310, 73 N. Y. Supp. 508. On appeal to the Appellate Division of the Supreme Court, the proceeding was transferred to the Supreme Court for a jury trial. Matter of Miller, 72 App. Div. 615, 76 N. Y. Supp. 351. There were two subsequent jury trials on which the juries disagreed. Margaret L. Schultz, pending these proceedings, died, and the plaintiffs purchased her alleged interest, and also the interests of five-sevenths of the heirs at law and commenced an action to partition the real property, claiming the right to do so as part owner of the property under one title or the other. Plaintiffs did not allege or prove that the alleged last will and testament was void.

    Lanman Crosby and Theo. H. Silkman, for plaintiffs.

    William P. Maloney, for defendant Hoelzle.

    Headley M. Greene, for defendant Lewis.

    O'GORMAN, J. This is an action to partition certain ·lands of which Charlotte Miller died seised in 1901. Her will was refused probate by the surrogate of New York county, and on appeal the surrogate's decree was reversed, and a new trial before a jury was ordered. There have been two jury trials since, both resulting in a disagreement. In the meantime, Margaret L. Schultz, the sole devisee named· in the unprobated will, purchased five-sevenths of the title which, if Charlotte Miller died intestate, descended to her heirs at law. Subsequently the said Margaret L. Schultz conveyed to one Robert Duff five equal undivided sevenths of such real property, and thereafter the said Duff conveyed the same to the plaintiff, George C. Smith.

    Section 1537 of the Code permits an heir at law to maintain an action for the partition of real property, notwithstanding an apparent devise thereof to another by the decedent; but in such an action the plaintiff must allege and establish the apparent devise is void. No such allegation appears in the complaint in this action, and no attempt was made upon the trial to avoid the testamentary disposition. The plaintiff, therefore, fails to bring himself within section 1537 of the Code, and as a grantee of a devisee he cannot maintain this action, for two reasons: First, a devisee cannot maintain an action in equity to . establish a will against the heirs at law (Anderson .v. Anderson, 112

N. Y. 106, 19 N. E. 427, 2 L. R. A. 175); and, secondly, a person not an heir at law or devisee, but who claims simply as a purchaser, cannot, under the provisions of section 1866 of the Code, maintain an action to determine the validity or effect of a testamentary disposition of real property (Mellen v. Mellen, 139 N. Y. 210, 34 N. E. 925).

As to the plaintiff's contention that the admission of a will to probate is not essential to validate the devisee's title to the realty, it is sufficient to say, apart from the other objections suggested, there is no evidence of the execution of the instrument. Corley v. McElmeel, 149 N. Y. 238, 43 N. E. 628.

Complaint dismissed, with costs.