### VON MEYER v. LINDEMANN et al. (No. 7184.)

(Supreme Court, Appellate Division, First Department. May 7, 1915.)

WILLS ⬤⟞702—ACTION TO CONSTRUE—COMPLAINT—JURISDICTION. IN EQUITY.
In an action to construe a will giving the residue of testator's estate to those whom his widow should appoint by will, in case of her death, or by an instrument sealed and acknowledged, in case of her remarriage, and providing that, if she died or remarried without making such appointment, the residuary estate should go to testator's children then living, or the issue of any not living, where the complaint, after setting out a copy

of the will alleged death of the widow, without having remarried, leaving a will duly admitted to probate, but failed to annex or make part of the complaint the widow's will, or to set out any of its provisions, or show that she had exercised the power of appointment, it was demurrable for failure to state a cause of action; the language used by testator clearly indicating what disposition he desired to make of his property, and it not appearing that any trust was involved, and there being no inherent power in a court of equity to construe devises, except as an incident of its jurisdiction over trusts.

[Ed. Note.—For other cases, see Wills, Cent. Dig. § 1679; Dec. Dig. ☜➡702.]

Appeal from Special Term, New York County.

Action by Johanna Von Meyer, individually and as committee, etc., against Katherine F. Lindemann, impleaded with Helena Maria Richter and others. From denial of motion of judgment on the pleadings, defendant Katherine F. Lindemann appeals. Reversed, and motion granted, with leave to amend complaint on condition.

Argued before INGRAHAM, P. J., and McLAUGHLIN, LAUGHLIN, DOWLING, and HOTCHKISS, JJ.

Leslie C. Ferguson, of New York City, for appellant.
Charles A. Dryer, of White Plains, for respondent.

McLAUGHLIN, J. John G. Lindemann died on the 7th of August, 1884, leaving him surviving a widow and several children. The will was admitted to probate, and letters testamentary issued to the executrix therein named. It gave all the personal property, after the payment of debts, to his wife, and also gave to her the rents, income, and profits of all the residuary estate during her life or so long as she remained his widow, and upon her death or remarriage he gave such residue "to such person or persons as she shall direct and appoint by her last will and testament in case of her death, or by instrument under her hand and seal, duly acknowledged, in case of her remarriage." If she died, or in case of remarriage, without making such appointment, then he gave the—

"residuary estate to my children living at my wife's death or remarriage, whichever event shall first happen and to the issue then living of any of my children who shall then be dead leaving issue, such issue to take collectively the share which their parents would have been entitled to if living."

This action is brought to procure a judgment construing such will. The complaint, after setting out a copy of the will, alleges, among other things, that Helena M. E. Lindemann, the widow, died on or about January 25, 1913, without having remarried, leaving a last will and testament which was duly admitted to probate by the surrogate of the county of New York. A copy of the will of Mrs. Lindemann is not annexed to or made a part of the complaint, nor are any of its provisions set forth, and whether she exercised the power of appointment given to her in the will of her husband is not stated in any way, unless the same is to be inferred from the following allegations:

"That the provisions of the said last will and testament of John G. Lindemann, deceased, relating to the residuary estate belonging to him at the time

of his death, were not carried into effect by the said Helena M. E. Lindemann, * * * and the apportionment expressly directed by the said last will and testament of said John G. Lindemann to be made of the said residue of his estate was not made * * * in her said last will and testament."

The judgment demanded is that the court ascertain and determine the true meaning and construction of the will of John G. Lindemann. The appellant demurred to the complaint upon the grounds: (a) That it did not state facts sufficient to constitute a cause of action; (b) that the court did not have jurisdiction of the subject of the action. After the demurrer had been interposed, the appellant moved under section 547 of the Code of Civil Procedure for judgment on the pleadings. The motion was denied, and the appeal is from that order.

The complaint, in my opinion, does not state a cause of action. There is no allegation in it, or any from which it can fairly be inferred, that Mrs. Lindemann exercised the power of appointment given to her in her husband's will. If she did not exercise such power, then upon her death, she never having remarried, all of the property passed to the persons specified in the will of her husband. Under the terms of his will, in default of her exercising the power of appointment, such property upon her death passed to and became vested in his children and their survivors. They are the parties to this action, and now hold such property under such devise and have only a legal estate. In that case no trust is involved. It is well settled that there is no inherent power vested in a court of equity in the construction of devises as a distinct and independent branch of jurisdiction, but it exercises its equitable power only as incident to its jurisdiction over trusts. Mellen v. Mellen, 139 N. Y. 210, 34 N. E. 925; Anderson v. Anderson, 112 N. Y. 104, 19 N. E. 427, 2 L. R. A. 175. In Weed v. Weed, 94 N. Y. 244, the court held that:

"A devisee, who claims a mere legal estate in the real property of the testator, where there is no trust, cannot maintain an action for the construction of the devise, but must assert his title by ejectment or other legal action, or if in possession must await an attack upon it and set up the devise in answer to the hostile claim."

Adams v. Becker, 47 Hun, 65, upon which the respondent principally relies, is clearly distinguishable from this case. There the action was brought to construe a will for the reason that it contained disputed and doubtful devises. Here there is no doubt as to the intention of John G. Lindemann. The language used indicates clearly what disposition he desired made of his property. All of the personal property he gave to his wife. The residuary he gave to her for life, or until she remarried, with the power of appointment. If she did not exercise that power, then it passed to his children, or if any of them were dead, leaving issue, the issue to take what the parent would have taken, if living.

The order appealed from, therefore, is reversed, with $10 costs and disbursements, and the motion granted, with $10 costs, with leave to the plaintiff to serve an amended complaint, upon payment of costs in this court and in the court below. Order filed.

INGRAHAM, P. J., and DOWLING and HOTCHKISS, JJ., concur. LAUGHLIN, J., concurs on first ground.