GARRETT C. MOORE et al., Appellants and Respondents, *v.*
CHARLES E. APPLEBY, Appellant and Respondent.

The will of T. devised a share in certain real estate to G., in trust for the
benefit of C. during life, and upon his death " to assign, transfer and
convey the said share" to his child or children, or in case he died
leaving no child, then to his heirs-at-law.   In an action for partition of
said real estate, those entitled to the remainder in said share were not.
made parties.   *Held*, that they were not concluded by the judgment.
therein; that one claiming under a deed given on sale under said judg-
ment could not give a title, so freed from reasonable doubt, that one.
under contract to purchase the land could be required to take title; and
that an action was maintainable by such vendee to recover back the pay-
ment made at the time of entering into the contract, with interest and.
expenses incurred in investigating the title.
In such an action an additional allowance may not exceed five per cent
upon the recovery (Code of Civil Pro. § 3253, sub. 2); the value of the
subject-matter, incidentally involved by the nature of the controversy,.
is not to be taken into consideration.

(Argued December 22, 1887; decided January 17, 1888.)

THESE are cross-appeals from judgment of the General
Term of the Supreme Court in the first judicial department,
entered upon an order made May 18, 1885, which modified,.
so far as an additional allowance for costs was concerned, and
affirmed as modified a judgment in favor of plaintiff entered
upon a decision of the court on trial without a jury.
(Reported below, 36 Hun, 368.)

This action was brought to recover back the portion of the
purchase-price paid by plaintiff under a contract between them
and defendant for a sale, by the latter of certain premises,
situate in the city of New York, with interest and expenses
incurred in examining title on the ground of a defect in
defendant's title.

Defendant claimed under a title acquired upon a sale in a.
partition suit.

Gideon Tucker died seized in fee of part of the premises.
By his will he devised a fourth interest therein to his son
Charles.   By a codicil the devisee was changed by the follow-

ing provision : " And all the share, interest, and portion of my estate, both real and personal, which is in and by said will given, devised, and bequeathed unto my son Charles, I do give, devise and bequeath unto my son George W., his heirs, executors, administrators and assigns, upon the following trusts, that is to say, to collect, receive, and take into his possession all personal estate belonging or appertaining to such share, and all the rents, issues and profits of the real estate, part and parcel of such share of my son Charles, and apply all the rents, profits, etc., of such share to the use of my son Charles during his natural life, and upon his death, leaving a lawful child or children, to assign, transfer and convey the said share, interest or portion of my said estate, real and personal, unto such, his child or children, their heirs, executors, administrators and assigns, equally to be divided among such children if more than one, and in case my said son Charles shall die, without leaving any such child or children, then to convey, assign and transfer such share of my said estate to the heirs-at-law of my said son Charles."

After the decease of the testator, the executor, in his own right and as trustee for his brother Charles, commenced an action to partition the estate of the testator. But neither of the persons presumptively or actually entitled to take the property in remainder, which was devoted to the objects of the trust, was made a party to the suit in partition. This property, with other parcels of the estate, was purchased by the trustee and others, and a subsequent action for its further partition was afterwards brought between them resulting in a partition and division of the property. In the latter action there was the same omission to make the parties entitled to the remainder in the land in dispute parties to the action, and it was mainly because of these omissions that the plaintiffs refused the title which the defendant offered to convey to them in fulfillment of the terms of his agreement.

*William Mitchell* for plaintiffs. The trustee was not seized with a vested estate of inheritance, but only with a life estate

during the life of Charles, the fee, vested in the remaindermen, Henry Tucker and others, on the death of the testator, subject only to the life estate in the trustee for Charles' life. (*Stevenson* v. *Lesley*, 70 N. Y. 512; *Embury* v. *Sheldon*, 2 Abb. 404, 411–413; *Cook* v. *County of Kings*, 97 N. Y. 421, 446; *Vernam* v. *Vernam*, 53 id. 359.) A purchaser will not be required to take a doubtful title. (*Jordan* v. *Poillon*, 77 N. Y. 518; *Argall* v. *Raynor*, 20 Hun, 267.) Unless all necessary persons are made parties to the action of partition, the proceedings are defective and the title acquired by the purchaser under the judgment of partition is not good. (*Jordan* v. *Poillon*, 77 N. Y. 518; *Argall* v. *Raynor*, 20 Hun, 267; *Mead* v. *Mitchell*, 17 N. Y. 210, 214.) The remaindermen having vested estates of inheritance subject to the life estate for the benefit of Charles Tucker, were alive and were necessary parties defendants to the partition suit. (*Mead* v. *Mitchell*, 17 N. Y. 210, 214; 1 Stat. at Large [Edm. ed.], 672, § 13; id. 680, § 67; id. 753, § 15; 2 id. 327, 336; *Moore* v. *Littel*, 41 N. Y. 76; *Nodine* v. *Greenfield*, 7 Paige, 544; *Brevoort* v. *Brevoort*, 70 N. Y. 136.) The plaintiffs are not bound to accept anything less than a marketable title, which title means a good legal title to the whole fee in contradistinction to a mere equitable title. (*McCahill* v. *Hamilton*, 9 Week. Dig. 501.) The purchase of the land in question by George W. Tucker, individually, at the partition sale in the action brought by him as trustee and individually, constitutes such a defect in or cloud upon the title as to relieve the plaintiffs from completing the contract to purchase. (*Scholle* v. *Scholle*, 101 N. Y. 167, 171, 172; *Munson* v. *Syr., Sen. & Corning R. R. Co.*, 103 id. 58; *Dodge* v. *Thompson*, 13 Week. Dig. 104; *Toole* v. *McKeenan*, 48 Supr. Ct. Rep. [16 J. & S.] 163.) An infant cannot be required to make an election and a guardian *ad litem* cannot bind the infant by an election. (*Chapin* v. *Montgomery*, 63 N. Y. 221.) The proceedings in the Surrogate's Court do not create an estoppel. (*Veeder* v. *Mudgett*, 95 N. Y. 295, 310.) The court had power to grant an extra allowance of five per cent on the value of

the premises. (*Warner* v. *Buckley*, 2 Abb. N. C. 323 ; Code of Civ. Pro., § 3253 ; *Tompkins* v. *Snow*, 63 Barb. 525 ; *Lattimer* v. *Livermore*, 72 N. Y. 174, 183 ; *O. & L. C. R. R. Co.* v. *V. & C. R. R. Co.*, 63 id. 176 ; *Burke* v. *Cantee*, 63 Barb. 552 ; *Sickles* v. *Richardson*, 14 Hun, 110.)

*Arnold H. Wagner* for defendant. By the devise to George W. Tucker, the whole estate in law and in equity was vested in him subject only to the execution of the trust. (Hill on Trustees, 241, 242 ; 1 R. S. 732, § 78, sub. 2 ; id. § 95, sub. 1 ; id. 735, § 113 ; 2 R. S. 736, § 121 ; *Bennett* v. *Garlock*, 79 N. Y. 302 ; *Tobias* v. *Ketchum*, 32 id. 319 ; *Greason* v. *Keteltas*, 17 id. 491.) If the trustee did not take a fee in lands, then the residuum of the estate not vested in him descended to the heirs-at-law of Gideon Tucker the testator, subject to the execution of the trust (viz., at the death of Charles to convey to his heirs) as a power, and prior to the death of Charles no estate whatever vested in his collateral or presumptive heirs. (1 R. S., 729, §§ 58, 59 ; id. 732, § 74 ; id. 729, § 59 ; id. 734, § 96 ; id. 736, § 121.) The courts below erred in determining that during the life of Charles his presumptive heirs had a vested interest in the lands. (*Hawley* v. *James*, 16 Wend. 137 ; Fearne on Remainders, 225 ; *Van Horne* v. *Campbell*, 100 N. Y. 291 ; *Delancy* v. *McCormack*, 88 id. 74 ; *Kelso* v. *Lorrillard*, 85 id. 184 ; *Moore* v. *Littel*, 411 id. 66 ; *Hennesy* v. *Patterson*, 85 id. 102, 103 ; *Warner* v. *Durant*, 76 id. 133 ; *Smith* v. *Edwards*, 88 id. 174 ; *Shipman* v. *Rollins*, 98 id. 311 ; *Delafield* v. *Shipman*, 103 id. 463 ; *Colton* v. *Fox*, 67 id. 348.) There was in this case a compliance with the statute, and the rights of the contingent remaindermen were by the judgment and sale in partition transferred from the lands to the proceeds of sale thereof. (*Mead* v. *Mitchell*, 17 N. Y. 216, 217 ; *Brevoort* v. *Brevoort*, 70 id. 136.) The burden is with the plaintiffs to show that the defendant's title is defective. (*Kelso* v. *Lorillard*, 85 N. Y. 184.) The sum recovered is the true basis for an allowance. (Code, § 3253, sub. 2 ; *Atlantic Dock Co.* v. *Libby*, 45 N. Y. 499,

*Connaughty* v. *Saratoga Bank*, 92 id. 401; *Potter* v. *Farrington.* 24 Hun, 551.)

DANFORTH, J. The title offered to the plaintiffs, came to the defendant through the will of Gideon Tucker, and under proceedings in partition instituted by George W. Tucker, as trustee, but to which action certain persons entitled to the property in remainder were not made parties. It is clear that an estate in trust merely for the benefit of the *cestui qui trust* cannot be set up against them. As to them the principle contained in the maxim *" res inter alios acta alteri nocere non debit,"* applies and the court below properly held (36 Hun, 368) that they would not be concluded by the partition judgment. It follows, therefore, that the purchaser should not be required to complete his bargain, for there was left at least a reasonable chance that the person so interested might raise a question against his title. (*Brooklyn Park Com'rs* v. *Armstrong*, 45 N. Y. 234, 248; *Jordan* v. *Poillon*, 77 id. 518; *Jenkins* v. *Fahey*, 73 id. 355.) He was, therefore, entitled to recover back the money paid in anticipation of performance, by the defendant, of the contract to convey. This was $1,600, and with interest, and $300 expenses incurred in the investigation of title constituted the amount in controversy. The allowance made by the trial judge exceeded five per cent on the recovery, and was, therefore, properly reduced to conform to the provisions of law relating to it. (Code, § 3253, sub. 2.) The case is one where a sum of money is claimed and is recovered; that was the only object of the action. The value of the subject-matter incidentally involved by the nature of the controversy is, therefore, not material.

Both appeals fail and the judgment of the court below should be affirmed, without costs to either party.

All concur.

Judgment affirmed.