FELIX CAMPBELL, APPELLANT, *v.* OLIVER E. P. STOKES AND ANOTHER, RESPONDENTS.

*Partition — omission of necessary parties interested in remainder — what is not a merchantable title.*

66  381
77  252
142a  23

A title, acquired under a sale in an action brought for the partition of land, in which there were life estates created by will, with remainders to the life tenants' children, but to which action such children, *in esse* at the time, were not made parties, is not a merchantable title which a purchaser will be compelled to accept.

APPEAL by the plaintiff Felix Campbell from a judgment, rendered at the Kings County Special Term, and entered in the office of the clerk of Kings county on the 18th day of May, 1892, overruling a demurrer to the counter-claim of the defendants herein, and for the defendants and against the plaintiff, on the merits, and also for the amount of said counter-claim, with interest and costs, amounting to $6,431.10.

The action was brought by the seller of certain real estate to compel the purchasers to fulfill a contract of purchase and sale by paying the balance of the purchase-money, a certain portion thereof

having been paid at the time of the execution of the contract. The defendants answered, setting up a defect in the title proffered by the plaintiff, and demanded, by way of counter-claim, the return of the amount which had been paid on account of the purchase-price, together with the expenses attendant upon the examination of the title, with interest.

*James & Thomas H. Troy*, for the appellant.

*William Allen Butler* and *E. D. Cowman*, for the respondents.

BARNARD, P. J.:

The plaintiff agreed to sell to the defendants a piece of land, No. 74 John street, New York, for $80,000. Five thousand dollars was paid, and this action is brought to recover the balance. The sole question presented is whether the title of the plaintiff is merchantable. John Mortimer, Jr., owned an undivided third thereof in 1875, when he died. He left a will and six adult children. By the will, this property passed as residuary estate, and it was to be divided into six shares, one for each child for life, with remainder to the lawful issue of such child *per stirpes*, and not *per capita*. If the child died without issue he could dispose of his share by will, and if not, the testator gave his share to his, testator's, lawful issue. Four of the six children of testator had children in 1875. A partition sale was made by action, and none of the grandchildren then *in esse* were made parties to it. The plaintiff's title was acquired at this sale.

These children were necessary parties in the partition action. (*Moore* v. *Appleby*, 108 N. Y., 237.) This case is very similar to the case presented by this appeal. There was a life estate by will and remainder to children. It was held that the children were necessary parties to a partition suit. The case of *Townshend* v. *Frommer* (125 N. Y., 446), does not necessarily conflict with this decision. A married woman conveyed lands to trustees to pay income to herself for life, with a direction that the trustees convey, at her death, to her children then living. There was a mortgage on the property which was foreclosed during the life estate, and the children were not made parties to the action. It was held that the children had no interest in the title while the

life estate was running, and that, consequently, they were not necessary parties. No mention is made in the opinion of *Townshend* v. *Frommer* of the previous case of *Moore* v. *Appleby*. Other cases, decided previously, were distinguished, and the case of *Moore* v. *Appleby* was cited on the argument. Under these circumstances, it seems improbable that the Court of Appeals deemed the former case applicable to the latter one. The plaintiff's title is not, therefore, a merchantable one, and the judgment should be affirmed, with costs·

DYKMAN and PRATT, JJ., concurred.

PRATT, J. :

All parties concede that, if *Moore* v. *Appleby* (108 N. Y., 237), decided in 1888, is still the law, the plaintiff must fail. But, in his behalf, it is argued that, by *Townshend* v. *Frommer* (125 N. Y., 446), decided in 1891, the case of *Moore* v. *Appleby* is overruled, and that, by the later decision, the plaintiff is entitled to recover.

This view was ineffectually urged upon the court below. In reply it was well said that, as the former decision was not expressly overruled, we are not at liberty to regard it as overruled if any distinction can be found in the two cases.

It is enough to say upon this appeal that, as the cases now stand, the question involved is not so free from doubt as to justify this court in requiring a purchaser to accept the title.

It may well be that the Court of Appeals saw some clear distinction between the two cases, but failed to point it out in the opinion.

The judgment should be affirmed, with costs.

Judgment overruling the plaintiff's demurrer to the defendant's counter-claim and awarding judgment to defendant therein.