FELIX CAMPBELL, Appellant, *v.* OLIVIA E. P. STOKES et al., Respondents.

The will of M. directed his executors to divide his residuary estate into as many shares as he had children, and gave, for each child surviving him, one share to the executors to be held in trust for said child for life. Upon the death of the beneficiary the executors were directed to "convey, transfer, pay over and deliver" the share to his or her lawful issue if any survived the parent. In case none survived provision was made for the disposition of such share. All of the testator's children and sixteen grandchildren were living at his death. In an action for partition of lands of an interest in which M. died seized, the grandchildren were not made parties. In an action to compel specific performance of a contract for the purchase of said lands, to which plaintiff claimed title under a deed on sale pursuant to judgment in the partition suit, *held*, that the issue of any child of the testator living at his death took a vested remainder in the share held in trust for the parent, subject to open and let in after-born children, and to be divested by their death before the death of the parent; that the rights of the grandchildren were not dependent in any way upon the action of the trustees, nor did the vesting of their interest await the exercise by the trustees of their power to "convey, transfer," etc., but they took as remaindermen independent of the power.

Accordingly *held*, that the grandchildren of the testator were necessary parties to the partition suit, and so that plaintiff's title was defective and he was not entitled to enforce his contract.

Reported below, 66 Hun, 381.

(Argued March 14, 1894; decided April 10, 1894.)

APPEAL from judgment of the General Term of the Supreme Court in the second judicial department, entered upon an order made December 12, 1892, which affirmed a judgment in favor of defendants entered upon a decision of the court on trial at Special Term overruling a demurrer to defendants' counterclaim, sustaining said counterclaim and directing judgment in favor of defendants.

This action was brought to compel specific performance of a contract, under which defendants agreed to purchase from plaintiff certain real estate in the city of New York.

Defendants set up a defect of title, and, as a counterclaim, asked to recover the amount paid by them on the execution

of the contract, and for expenses and counsel fees in the examination of the title. The counterclaim was demurred to by plaintiff and the demurrer overruled.

Plaintiffs claimed title under a deed given to carry into effect a sale under a judgment in an action brought to partition said premises. John Mortimer, Jr., died seized and possessed of an interest therein; he left six children and sixteen grandchildren him surviving. The children were made parties to the partition suit, but the grandchildren were not. The residuary clause of the will of said Mortimer is as follows:

"IV. All the rest, residue and remainder of my estate, real, personal and mixed, whatsoever and wheresoever the same may be in possession, reversion and remainder, I order and direct my executors and trustees to divide into so many shares as I shall have children living at my death, and children who shall have died leaving lawful issue living at my decease, such issue to represent such deceased child, and upon such division to allot to each then living child of mine one such equal share, and to the issue then living of any of my children who may have died leaving such lawful issue one such equal share, and I order and direct my executors and trustees to dispose of such shares from time to time, as follows:

"1st. I give, devise and bequeath one of said equal shares to the lawful issue (living at my death) of each deceased child of mine, to take the same *per stirpes* and not *per capita*, to have and to hold the same to them, their respective heirs, executors, administrators and assigns forever, and I direct my executors and trustees to convey, transfer, pay over and deliver the said share accordingly.

"2d. I give, devise and bequeath one of said equal shares for each of my children living at my decease unto my executors and trustees as a separate fund, to have and to hold the same in trust, to receive the rents, issues and profits thereof, and to apply the same to the use and support of such child, for and during her and his natural life.

"3d. Upon the death of my daughter or son for whom the same is held in trust, I order and direct my said executors and

trustees to convey, transfer and pay over and deliver the said share to her and his lawful issue *per stirpes* and not *per capita*, to have and to hold the same to such issue, their respective heirs, executors, administrators and assigns forever.

" 4th. Upon the death of any of my said children without lawful issue him or her surviving, I order and direct my said executors and trustees to convey, transfer and pay over and deliver the share so held in trust for such child, to and among some or one of my descendants or the widow of any son of mine according to the directions that may be contained in the said last will and testament of such daughter or son, or in an appointment in the nature of a last will and testament made by her or him, to the person or persons in the share or proportions and according to the terms, provisions and conditions therein directed and contained.

" And I hereby authorize and empower such child of mine so dying to make such last will and testament or appointment in the nature thereof, appointing or directing the disposition aforesaid to or among any of my descendants or the widow of any son of mine, but not otherwise, whether such daughter be a *feme sole* or *feme covert* at the time of the making thereof.

" 5th. Upon the death of the daughter or son for whom the said respective share is held in trust without leaving lawful issue at her or his death, and without leaving any last will and testament or appointment in the nature thereof, appointing or directing a disposition of the same to or among the persons above designated, then I order and direct my said executors and trustees to convey, transfer, pay over and deliver the said share to my lawful issue *per stirpes* and not *per capita*, to have and to hold the same to such issue; their respective heirs, executors, administrators and assigns forever.

" 6th. I authorize and empower my said executors, and the survivors and survivor of them, from time to time, in their or his discretion, and notwithstanding any direction herein to the contrary, to pay, assign and transfer to either of my sons such part of the securities invested for his benefit as they or he in their or his judgment and discretion shall deem best, that they

hold the residue of such securities, if any, for the benefit of my said son in the trust and for the purposes declared of and concerning the whole of his share, and I further authorize my executors and trustees from time to time to pay over to either of my said daughters such part of the said securities invested for their benefit as they may deem best, not exceeding the sum of five thousand dollars, and I direct, authorize and empower my executors on the decease of any son of mine to apply to the use of his widow, if any, my said sons shall leave, during her widowhood, one-third part of the interest and income arising from the part or share of my estate ordered to be set apart for the benefit of my said son, or so much of the same as may remain at the death of my son if any advance shall have been made to him pursuant to this clause of my will, providing the son dying and leaving a widow shall have failed to leave a valid will or to make any valid appointment in the nature thereof, and the residue of such share shall be disposed of by my said executors as hereinbefore directed."

Further material facts are stated in the opinion.

*James Troy* for appellant.   The will of the testator created but one valid trust under the statute, namely, the trust to collect the rents, issues and profits of his estate and apply the same to the use of his children.   (1 R. S. 728, § 55, sub. 3.) All other trusts contained in the will were void as express trusts and were valid only as powers in trust.   (*Townshend* v. *Frommer*, 125 N. Y. 458.)   The grandchildren of the testator took no vested interest in his estate.   (*Konvalinka* v. *Schlegel*, 104 N. Y. 130; *Smith* v. *Edwards*, 88 id. 104; *Warner* v. *Durant*, 76 id. 133; *Gaebel* v. *Wolf*, 113 id. 412; *U. S. T. Co.* v. *Roche*, 116 id. 120.)   The provisions of the will worked an equitable conversion of the real estate, and the grandchildren of the testator were not necessary or proper parties to the action of partition.   (*Delafield* v. *Barlow*, 107 N. Y. 535.)

*William Allen Butler* for respondent.   A reasonable doubt existed as to the validity of the title to the premises in

question tendered by the plaintiff under his contract of sale. (*Fleming* v. *Burnham*, 100 N. Y. 1, 10; *Shriver* v. *Shriver*, 86 id. 575; *Vought* v. *Williams*, 120 id. 253; *B. P. Comrs.* v. *Armstrong*, 45 id. 234; *M. E. Church* v. *Thompson*, 108 id. 618; *Argall* v. *Raynor*, 20 Hun, 267; *Kilpatrick* v. *Barron*, 125 N. Y. 751.) Unless all the necessary persons were made parties to the action of the partition the proceedings were defective, and the title acquired by the plaintiff under the partition sale was not a good title in fee. (*Jordan* v. *Poillon*, 77 N. Y. 518; *Argall* v. *Raynor*, 20 Hun, 267; *Mead* v. *Mitchell*, 17 N. Y. 210, 214; *Moore* v. *Appleby*, 108 id. 237.) The issue of the children of John Mortimer, Jr., alive at the time of the commencement of the partition suit, took vested estates of inheritance under the will of their ancestor, subject to the life estate for the benefit of their parents respectively, and they were, therefore, necessary parties defendant to the partition suit. (*Moore* v. *Appleby*, 108 N. Y. 237.) This court having repeatedly held, in cases of trusts for life tenants with directions to convey on the termination of the life estate to designated remaindermen or to a class, that such remaindermen are necessary parties, if in being, to a foreclosure or partition intended to pass. the title by a sale, the question is open whether the issue of the children of John Mortimer, Jr., were barred by the partition. (*Gilman* v. *Reddington*, 24 N. Y. 1, 16; *Stephenson* v. *Leslie*, 70 id. 512, 516; *Moore* v. *Appleby*, 108 id. 237; *Miller* v. *Wright*, 109 id. 194; *Genet* v. *Hunt*, 113 id. 158; *Brunner* v. *Meigs*, 64 id. 506.) No question of equitable conversion can be raised by the plaintiff. (*Scholle* v. *Scholle*, 113 N. Y. 261; *Hobson* v. *Hale*, 95 id. 588; *Chamberlain* v. *Taylor*, 105 id. 185.)

ANDREWS, Ch. J.  John Mortimer, Jr., had six children living at his death, in September, 1875, and sixteen grandchildren, some or all of whom are still living. The scheme of his will, made in March, 1875, was to divide his residuary real and personal estate into shares, and to give to each of his surviving children the income of one share for life, and the

principal of such share on the death of any child to his issue then surviving. He contemplated the possible death of a child before his death, leaving issue surviving, and in that case such issue surviving at testator's death was to take absolutely the share of the deceased child. In case a surviving child should die after the death of the testator, leaving no issue living at his or her death, then the share of the one so dying was to be subject to certain dispositions not now necessary to be stated. All the testator's children survived him, and the provision made for the issue of a deceased child who may have died before the testator, leaving issue surviving at the testator's death, became inoperative. To effect the scheme of the testator the will directed his executors and trustees to divide his residuary estate into so many shares as he should have children living at his death, and children who should have died leaving lawful issue surviving at the testator's death, and to allot one share to each child surviving him, and a share to the issue of any deceased child. By the fourth section of the will, which prescribes the disposition to be made of his residuary estate, the testator devised and bequeathed to the issue of any child who had died before him, leaving issue surviving at the testator's death, one share absolutely, as before stated. He devised and bequeathed to his executors and trustees one of said equal shares for each of his children living at his death, in trust to receive the rents, issues and profits thereof, and apply the same to the use and support of such child during his natural life. The third subdivision of section four of the will provides for the disposition of the principal of the share of any such child on his or her death, as follows : " Upon the death of my daughter or son for whom the same is held in trust, I order and direct my said executors and trustees to convey, transfer and pay over and deliver the said share to his or her lawful issue *per stirpes*, and not *per capita*, to have and to hold the same to such issue, their respective heirs, executors, administrators and assigns forever." Then follow provisions for the disposition of the share of any child on his or her death " without lawful issue him or her surviving."

It is plain that, upon settled rules of construction, the issue of any child of the testator living at his death, took under the will a vested remainder in the share held in trust for the parent for life, subject to open and let in after-born children, and to be divested by their death before the death of the parent.   The limitation in its general aspects is very familiar, and one frequently found in wills.   Upon the death of the testator, individuals of the class entitled to take in remainder were in existence and ascertainable.   The only contingency which would defeat their remainders vesting in possession was their death before the death of the parent.   It was a subsequent and not a precedent condition.   The direction that the trustees on the death of the parent should " convey, transfer and pay over and deliver" the parent's share to his or her issue, was inserted to emphasize the right of the remaindermen, and was not the foundation of their title.   The whole scope of the will negatives the idea that their rights were dependent in any way on the action of the trustees, or that the vesting of their interest awaited the exercise by the trustees of the power to transfer, convey and deliver the share to the issue so entitled.   The testator did not intend to die intestate as to any portion of his property. The whole was given to his children and their issue. The trust was created to secure to his sons and daughters the beneficial enjoyment of their several shares for life and to preserve the principal for their issue, and careful provision was made for the disposition of the share of any child in the contingency of his or her death leaving no issue surviving.   There is no room for the application of the technical rule sometimes resorted to, to ascertain whether an interest given by a will is vested or contingent, that where the gift is only found in the direction to divide at a future day, this circumstance may be considered and have weight. It is a rule for ascertaining the real intention of a testator and not for defeating it.   Those entitled under this will as remaindermen took, not because the power of division was given to the trustees, but independently thereof, as primary

devisees in remainder under the will. The class may be enlarged or diminished, or the rights of the issue of any child may be extinguished by the extinction of such issue by death before the termination of the life estate, but this does not affect the question. The issue living are presumptively entitled in remainder, and during the life of the parent, they living, have a vested future estate in the parent's share. The case of *Moore* v. *Appleby* (108 N. Y. 237) is a direct authority for the conclusion above stated and follows prior cases as well as the rule of the statute. (*Mead* v. *Mitchell*, 17 N. Y. 210; *Moore* v. *Littel*, 41 id. 76; 1 Rev. St. 723, § 13.) The case of *Townshend* v. *Frommer* (125 N. Y. 446) does not and was not intended to overturn the general doctrine, that remaindermen are not bound by a conveyance of the estate to which their interest attaches unless they are parties thereto in fact or in law. The case was peculiar and anomalous and involved complicated questions under the law of trusts and powers. It arose under a trust deed, whereby the grantor retained the beneficial use of the property for life and which contained directions for the disposition of the fee after her death, to persons who were not ascertainable until the happening of that event. The intention of the grantor, deduced by the court from the transaction, was to postpone the accruing of any future interests until that event happened. The present case affords no ground for such a presumption. Whether the remainders in this case were vested or contingent, the persons in being when the partition action was commenced, presumptively entitled to possession on the death of the life tenant, were necessary parties.

This leads to an affirmance of the judgment.

All concur.

Judgment affirmed.