PAGET et al. v. MELCHER et al.

(Supreme Court, Appellate Division, First Department.   June 23, 1899.)

1. PARTITION—NECESSARY PARTIES.
   2 Rev. St. pt. 3, c. 5, tit. 3, § 5, requires petition in partition to state the rights and titles of all persons interested in the property, including every person who, by any contingency contained in any devise, grant, or otherwise, may be or may become entitled to any beneficial interest in the premises.  Section 6 provides that all such persons, whether in possession or otherwise, may be made parties to such petition, and section 35 provides that the judgment shall be binding on all parties named therein, or who, by any contingency contained in any will or grant or otherwise, may be or become entitled to any beneficial interest in the premises.  Section 7 provides that in case such parties, or the share or quantity of interest, be unknown, or be uncertain or contingent, or the ownership of the inheritance shall depend upon an executory devise, or the remainder shall be a contingent remainder, the same shall be set forth in the petition.  *Held*, that remainder-men in being at the time of the partition action were necessary parties, whether the remainder was vested or contingent.

2. TRUSTS—POWER OF SALE.
   A trust deed providing that property on the death of the settlors should be held in trust for their children, to be divided between such children in equal shares or proportions, payable, "if the said real estate shall be turned into money," with the accumulations, on their arriving at 21 years of age, is not so clear, as conferring a power of sale, as to warrant a court in compelling a purchaser to take under its execution.

3. SAME—INCLUSION OF POWER TO PARTITION.
   A power of sale in a trust deed does not imply a power to partition.

4. SAME—EXECUTION.
   A deed executed in pursuance of a judgment of partition and to effectuate the partition will not be construed as the execution of a power of sale under a trust deed to a portion of such premises by reason of the trustee uniting in the partition deed, and hence does not bind a beneficiary under the trust deed not made a party to the partition proceedings.

5. DEFECTIVE PARTITION DEED CURED BY SUBSEQUENT PROCEEDINGS.
   Title under a deed in partition, defective, in that remainder-men were not made parties to partition proceedings, was cured by subsequent proceedings brought by the life tenant and trustee for remainder-men, in which all such remainder-men were included, asking confirmation of the sale and permission to sell other property belonging to the remainder-men, in which the court adjudged that the trustee had authority to sell, and confirmed the sale, and directed sale of the remaining property.

6. MORTGAGE—PRESUMPTION OF SATISFACTION.
   Where, upon its face, a mortgage unsatisfied of record has ceased to be a lien from lapse of time, and there being no proof of any facts tending to rebut the legal presumption, an objection to the title on that ground is not tenable.

7. SAME—EVIDENCE OF PAYMENT.
   Affidavit of a surviving mortgagee that a mortgage due more than 30 years ago was paid, and that, when a substituted trustee of the mortgagor's estate was appointed, the mortgage was not turned over as assets, for that reason will be regarded as evidence of payment, where the latter statement is corroborated by one of the officers of the company which was appointed substituted trustee.

Appeal from special term, New York county.

Action by Mary Paget and others against Ellen S. Melcher and others.  Appeal by Andrew J. Connick, purchaser, from an order of the special term requiring him to complete his contract of pur-

chase of premises made upon a judicial sale in partition. Affirmed.

Argued before VAN BRUNT, P. J., and BARRETT, RUMSEY, PATTERSON, and O'BRIEN, JJ.

James A. Dunn, for appellant.

F. R. Minrath, for respondents.

BARRETT, J. Mr. Connick makes two objections to the title, which we will consider in order.

The first objection is that the five children of William Samler and Mary, his wife, have outstanding interests. The premises in suit, No. 5 East Twenty-Eighth street, originally formed part of a 10-acre tract, the title to which was vested in the three children of John Samler, of whom William Samler was one. In March, 1836, William and his wife executed a deed of one-tenth of his one-third interest to Henry Miller, in trust, to receive the rents and profits, and apply them as specified, during the lives of the grantors, and, upon their death, "in trust for all and every the children and child of the said parties of the first and second part [Mr. and Mrs. Samler], to be divided between or among such children in equal shares or proportions, payable, if the said real estate shall be turned into money, with the accumulations, on their respectively arriving at twenty-one years of age." In September, 1836, an action for the partition of the 10-acre tract was commenced by one of the children of John Samler, which resulted in a judgment specifically apportioning the property among the parties thereto. Miller was made a party to this action, also William and Mary Samler; and certain lots were apportioned to Miller in extinguishment of his one-thirtieth interest in the property. The property in the present suit was allotted to Peter and Cornelius I. De Witt, and it is their title thus derived which the appellant now questions. The affidavits show that, at the time of the confirmation of the report of the commissioners in the former action, Mr. and Mrs. Samler had one child, Mary Cecelia, now Mrs. King, who was not made a party to the action; and it is quite evident from the record that this child was born before the commencement of that action. If the case depended upon the question whether this living child should have been made a party to the action, we should have difficulty in affirming the order. In fact, we think that all children in being at that time were proper and necessary parties. It is unnecessary to consider whether the reversionary interest of this child was vested or contingent. Even if contingent, she had an interest in the property, conditional upon her surviving her father and mother. It seems clear that, in order to extinguish this interest, it was necessary to make her a party to the action. The statute in force when the proceeding was begun was 2 Rev. St. pt. 3, c. 5, tit. 3. Section 5 of this title requires that the petition shall state "the rights and titles of all persons interested" in the property, so far as known, including that of "every person who, by any contingency contained in any devise, grant or otherwise, may be or become entitled to any beneficial interest in the premises." Section 6 provides:

"Every person having any such interest as aforesaid, whether in possession or otherwise, * * * may be made party to such petition."

Section 35 provides that the judgment shall be binding "on all parties named therein, and their legal representatives, who shall, at the time, have any interest in the premises divided, as owners in fee, * * * or who, by any contingency contained in any will or grant or otherwise, may be or may become entitled to any beneficial interest in the premises," etc. Section 7 is in harmony with these other provisions. That section provides:

"In case any one or more of such parties, or the share or quantity of interest of any of the parties, be unknown to the petitioner, or be uncertain or contingent, or the ownership of the inheritance shall depend upon an executory devise, or the remainder shall be a contingent remainder, the same shall be set forth in such petition."

This was intended to cover cases where the parties who might take under contingent remainders were nonexistent, and of course could not be named. It did not neutralize the other sections which require all such remainder-men, when existent and known, to be named. It thus appears that special provision was made for joining persons in being with contingent interests, and that the judgment was made binding upon them only when they were "named therein." It seems obvious that, if it was desired to cut off the contingent interest of a person in being, it was necessary to make him a party. Campbell v. Stokes, 142 N. Y. 23, 36 N. E. 811, lays this down as a general rule applicable to partition suits. The testator there directed his executors, upon the death of any child, to pay over to his issue the share set apart for such child, and held in trust for him during his life. The grandchildren were not made parties to a suit for the partition of real property in which the testator had an interest, and it was said:

"Whether the remainders in this case were vested or contingent, the persons in being when the partition action was commenced, presumptively entitled to possession on the death of the life tenant, were necessary parties."

Townshend v. Frommer, 125 N. Y. 446, 26 N. E. 805, is relied upon by the respondents, but is not really in point. It was not a case of a partition suit, and did not involve the question as to who, under the statute, are necessary parties thereto. And the case was stated, in Campbell v. Stokes, to be "peculiar and anomalous," and "not intended to overturn the general doctrine that remainder-men are not bound by a conveyance of the estate to which their interest attaches, unless they are parties thereto in fact or in law." Nor can we concur in the view that the De Witts obtained good title by virtue of a power of sale in the deed to Miller. There was no such express power, and the implication deduced from the words, "if the said estate shall be turned into money," is somewhat shadowy. No case has yet held that such words, thus placed, raise an implication of a power of sale. But we need not pass upon this question definitely. It is sufficient to say that the power is not so clear as to warrant a court in compelling a purchaser to take under its execution. Even if there were such an implication, it was of a power to sell, not to partition. Assuming, however, that the power was conferred, it seems plain that it was not exer-

cised. . Together with four other parties to the partition suit, Miller executed to the De Witts a deed of some 50 specified lots of land. This was done merely to effectuate the partition, and in pursuance of the judgment of the court; and the deed so recites. It is obvious that this was not an execution of a power of sale. Title was conferred, if at all, by the judgment. Miller's deed, either individually or as trustee, was not essential. It is impossible to treat this deed as aught else than what it purported to be and was,—an execution of the mandate of the court. The title which the court could convey was only the title of those parties over whom it had acquired jurisdiction. And that was all which was done.

We think, however, that the title to the lot in question was validated by the subsequent action. This action was brought in November, 1848, by Mrs. Samler and Miller against Mr. Samler and the five children of the marriage then in existence, including the child who was in being at the time of the partition action. The complaint recites the trust deed to Miller, the partition suit, and the allotment of property to him thereunder; that the infant defendants had no other real property than that so received; that two of these lots had been sold; and that it was necessary to sell the other two also. The judgment prayed for is that the two sales already made be confirmed, and that leave be granted to sell the other two lots. A referee was appointed, who reported in favor of the application. The judgment recites the referee's report, "from which report it appears that all material facts stated in the complaint in this action are true as therein set forth"; and it is adjudged that the report "be, and the same hereby is, in all things confirmed, and that all and singular the facts of the case are as therein stated." It also adjudges that Miller was vested with full power to sell the first two lots, and confirms the sale, and directs him to sell the remaining lots, and enjoins the defendants from bringing any suit to disturb the possession of the purchasers. We think that this judgment is a complete answer to this claim of the appellant. It expressly determines that the infant defendants had no real estate, except that received by Miller in the partition action; and hence, necessarily, that they had no interest in the property transferred to the De Witts. This fact was directly material upon the question whether the remaining lots should be disposed of, and it was expressly found by the court. "The general rule," as was said in Pray v. Hegeman, 98 N. Y. 351, "is well settled that the estoppel of a former judgment extends to every material matter within the issues which was expressly litigated and determined, and also to those matters which, although not expressly determined, are comprehended and involved in the thing expressly stated and decided, whether they were or were not actually litigated or considered. It is not necessary to the conclusiveness of a former judgment that issue should have been taken upon the precise point controverted in the second action. Whatever is necessarily implied in the former decision is, for the purpose of the estoppel, deemed to have been actually decided." This rule was quoted and

reaffirmed in Reich v. Cochran, 151 N. Y. 122, 45 N. E. 367. The five infant defendants in Mrs. Samler's and Miller's action are the five persons whose alleged titles form the basis of the appellant's objection; and his objection is therefore completely disposed of by the judgment in that action.

The second objection is that a mortgage made in July, 1861, by Charles Gould and wife to William Whitney and others, as trustees under the will of Stephen Whitney, deceased, is not satisfied of record. This mortgage was, on its face, payable in July, 1864, and there is no proof that it was renewed, or that any payment was made thereon, subsequent to 1865. Upon its face, the mortgage has ceased to be a lien from lapse of time, and, there being no proof of any facts tending to rebut the legal presumption, it was not a tenable objection to the title. Katz v. Kaiser, 10 App. Div. 137, 41 N. Y. Supp. 776, affirmed in 154 N. Y. 296, 48 N. E. 532; Knapp v. Crane, 14 App. Div. 120, 43 N. Y. Supp. 513. But, further, the surviving mortgagee makes affidavit that the mortgage was paid off on April 1, 1865, and that when a substituted trustee of the estate was appointed, in 1888, this mortgage, for that reason, was not turned over to it as part of the assets. This latter statement is corroborated by the affidavit of one of the officers of the company which was appointed substituted trustee. These facts are quite undisputed, and furnish a complete answer to the appellant's contention on that head.

No other objections are made to the title. We think the order compelling its acceptance should be affirmed, with costs. All concur.