APOLLONIA HODGES and CLARA HODGES, Appellants, *v.* NORMAN S. WALKER, JR., Trustee, Defendant.

MARGARET J. CORNELL, Respondent.

*Mortgage foreclosure — persons interested in the mortgaged premises under a trust created by the mortgagor not made parties thereto — a purchaser at the foreclosure sale not compelled to accept the title.*

After Hugh Morrow had executed a mortgage upon certain premises, he and his wife conveyed the premises to a trustee upon the following trusts: "*First.* To collect and receive the rents, issues and profits of said real estate, and * * * to pay over from time to time one equal half part or moiety thereof to Martha Wyman Cram, wife of Jacob Cram, as long as she shall live, and the other equal half part or moiety thereof to the said Jacob Cram as long as he shall live.

"*Second.* Upon the further trust, upon the death of either said Jacob Cram or Martha Wyman Cram (hereinafter called the beneficiaries) to divide said real estate hereby conveyed and assigned into two equal parts, and to convey,

transfer and set over one of said parts unto the then living child or children of said beneficiaries, and the then living issue of a deceased child or children of said beneficiaries, *per stirpes* and not *per capita*, share and share alike, and to hold the other of said parts and pay over the income of the same to the survivor of said beneficiaries during his or her life as above provided.

"*Third.* Upon the further trust, upon the death of said survivor to convey, transfer and set over the equal one-half part of said property held in trust for his or her benefit as aforesaid, to the then living child or children, or the then living issue of a deceased child or children of said beneficiaries *per stirpes* and not *per capita*, share and share alike.

"*Fourth.* In the event of either of said beneficiaries dying, leaving no child or children issue of their marriage, or child or children of a deceased child, surviving him or her, then upon the further trust, upon the death of such beneficiary as shall first die to divide said real property into two parts as aforesaid, and to convey, transfer, assign and deliver one of said parts unto the survivor of said beneficiaries, and to hold the other of said parts during the life of said survivor, upon the same trust as by the first article hereof are created for the benefit of said survivor, and upon the death of such survivor to convey, assign, transfer and deliver the part so held in trust unto the individuals who at such time shall, according to the laws of the State of New York, be the next of kin of the said Jacob Cram."

Subsequently and while Jacob Cram and Martha Wyman Cram and several of their minor children were still living, an action was brought to foreclose the mortgage and the trustee was alone made a party defendant.

*Held,* that the title derived under a judgment of foreclosure entered in such action was not good, and that a purchaser at the foreclosure sale was justified in refusing to complete his purchase.

APPEAL by the plaintiffs, Apollonia Hodges and another, from an order of the Supreme Court, made at the Kings County Special Term and entered in the office of the clerk of the county of Richmond on the 10th day of May, 1902, denying the plaintiffs' motion to compel Margaret J. Cornell, the purchaser at the foreclosure sale had in the above-entitled action, to complete her purchase.

Prior to the commencement of the foreclosure action the mortgagor, Hugh Morrow, together with his wife, conveyed the mortgaged premises to Norman S. Walker.

" To have and to hold the above-granted premises subject to incumbrances unto said second party, his successor or successors *forever*, upon the trusts, nevertheless and to and for the uses and purposes hereinafter limited, described and declared, that is to say:

"*First.* To collect and receive the rents, issues and profits of said real estate, and after paying therefrom all taxes, assessments,

water rates, interest, insurance, commissions and necessary charges for repairs to said premises, or for the protection and maintenance of the same, to pay over from time to time one equal half part or moiety thereof to Martha Wyman Cram, wife of Jacob Cram, as long as she shall live, and the other equal half part or moiety thereof to the said Jacob Cram as long as he shall live.

" *Second.* Upon the further trust, upon the death of either said Jacob Cram or Martha Wyman Cram (hereinafter called the beneficiaries) to divide said real estate hereby conveyed and assigned into two equal parts, and to convey, transfer and set over one of said parts unto the then living child or children of said beneficiaries, and the then living issue of a deceased child or children of said beneficiaries, *per stirpes* and not *per capita*, share and share alike, and to hold the other of said parts and pay over the income of the same to the survivor of said beneficiaries during his or her life as above provided.

" *Third.* Upon the further trust, upon the death of said survivor to convey, transfer and set over the equal one-half part of said property held in trust for his or her benefit as aforesaid, to the then living child or children, or the then living issue of a deceased child or children of said beneficiaries *per stirpes* and not *per capita*, share and share alike.

" *Fourth.* In the event of either of said beneficiaries dying, leaving no child or children issue of their marriage, or child or children of a deceased child, surviving him or her, then upon the further trust, upon the death of such beneficiary as shall first die to divide said real property into two parts as aforesaid, and to convey, transfer, assign and deliver one of said parts unto the survivor of said beneficiaries, and to hold the other of said parts during the life of said survivor, upon the same trust as by the first article hereof are created for the benefit of said survivor, and upon the death of such survivor to convey, assign, transfer and deliver the part so held in trust unto the individuals who at such time shall, according to the laws of the State of New York, be the next of kin of the said Jacob Cram."

Both Jacob Cram and Martha Wyman Cram are still living, and they have several minor children.

The purchaser's objection to the title is based on the failure to

make Jacob Cram and his wife and their children parties to the action.

*Wyllys Hodges* [*Everett P. Wheeler* and *Clarence B. Smith* with him on the brief], for the appellants.

*William D. Gaillard*, for the respondent.

PER CURIAM :

We are of opinion that the title based upon the judgment of foreclosure herein is not good, even upon the authority of *Townshend* v. *Frommer* (125 N. Y. 446). That decision really turned upon the point that the whole estate was transferred to the trustee, and that every interest not embraced in the trust remained in the grantor; so that, as was stated by Judge GRAY, no estate could vest in any others until the death of the grantor terminated the estate in the trustee.

If this interpretation of the opinion in that case be correct, the result reached there is not controlling here; and the rule which was applied in *Campbell* v. *Stokes* (142 N. Y. 23) seems to have justified the purchaser in refusing to take this title. We can see no reason why the doctrine which was there applied to partition does not equally apply to the foreclosure of a mortgage.

The order appealed from should be affirmed.

All concurred.

Order affirmed, with ten dollars costs and disbursements.