### HODGES et al. v. WALKER et al.

(Supreme Court, Appellate Division, Second Department. November 14, 1902.)

1. MORTGAGE—FORECLOSURE—PARTIES—DEFECT—DUTY OF PURCHASER AT SALE TO COMPLETE PURCHASE.

A third party mortgaged property to plaintiffs, and afterwards conveyed the same property in trust to defendant for the benefit of certain parties as life tenants, with remainder to their children. Afterwards the mortgage was foreclosed, the trustee alone being made defendant. The life tenants were living at the time, and had several children. *Held*, that the purchaser at the sale was justified in refusing to complete the purchase on account of a defect in the parties defendant.

Appeal from special term, Kings county.

Action to foreclose a mortgage brought by Appollonia Hodges and another against Norman S. Walker, Jr. Judgment of foreclosure and sale were granted, and the premises were bid in by plaintiffs' attorney, who duly assigned his bid to Margaret J. Cornell. From an order refusing to compel said Cornell to complete her contract of purchase, plaintiffs appeal. Affirmed.

¶ 1. See Mortgages, vol. 35, Cent. Dig. § 1521.

The following statement of the facts is obtained from respondents' brief:

Hugh M. Morrow executed and delivered to Appollonia and Clara Hodges a purchase-money mortgage dated August 17, 1892. Prior to the foreclosure, and on or about the 13th day of April, 1893, Hugh M. Morrow, together with his wife, executed, acknowledged, and delivered a deed to one Norman S. Walker, whereby the latter was created trustee of the premises in question, for the benefit of Martha Wyman Cram and Jacob Cram, as life tenants, with remainder to the children of said life tenants who might survive them, and with cross-remainders, as between the Crams, in the event of the death of either without leaving children. On November 22, 1895, a notice of pendency of action and complaint were filed for the foreclosure of the foregoing mortgage, Morrow to Hodges, naming as defendant only "Norman Stewart Walker, Jr., as trustee"; and on December 11, 1900, judgment of foreclosure and sale was granted against the defendant Walker, as trustee. On the 8th day of May, 1901, the premises were sold under the foregoing judgment, and bid in by the plaintiff's attorney, who duly assigned his bid to Margaret J. Cornell. At the time of the commencement of the action to foreclose the mortgage, and at the present time, both Jacob Cram and Martha Wyman Cram, named in the deed of trust set forth, were and are still living, and there have been born unto them several children, who are living, and who are minors. Margaret J. Cornell, the assignee of the bid under the foreclosure sale, refused to complete the purchase on the grounds that Jacob Cram and Martha Wyman Cram were necessary parties defendant in the action of foreclosure, if they were living, and that their children and heirs at law were necessary parties, whether the said Jacob Cram and Margaret Wyman Cram, or either, were living or dead.

Argued before GOODRICH, P. J., and BARTLETT, JENKS, WOODWARD, and HIRSCHBERG, JJ.

Wyllys Hodges (Everett P. Wheeler and Clarence B. Smith, on the brief), for appellants.

William D. Gaillard, for respondent.

PER CURIAM. We are of opinion that the title based upon the judgment of foreclosure herein is not good, even upon the authority of Townshend v. Frommer, 125 N. Y. 446, 26 N. E. 805. That decision really turned upon the point that the whole estate was transferred to the trustee, and that every interest not embraced in the trust remained in the grantor; so that, as was stated by Judge Gray, no estate could vest in any others until the death of the grantor terminated the estate in the trustee. If this interpretation of the opinion in that case be correct, the result reached there is not controlling here; and the rule which was applied in Campbell v. Stokes, 142 N. Y. 23, 36 N. E. 811, seems to have justified the purchaser in refusing to take this title. We can see no reason why the doctrine which was there applied to partition does not equally apply to the foreclosure of a mortgage. The order appealed from should be affirmed.

Order affirmed, with $10 costs and disbursements.